UNITED STATES of America

v.

Walter McKETHAN, Defendant.

No. Cr. 84–466.

United States District Court,
District of Columbia.

Feb. 8, 1985.

Theodore A. Shmanda, Asst. U.S. Atty., Washington, D.C., for plaintiff.

William J. Garber, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

STANLEY S. HARRIS, District Judge.

Defendant was arrested in this case on November 16, 1984, and was charged with the possession of both heroin and cocaine with the intent to distribute those controlled substances. He was released after posting a $3,000 surety bond at the station house. On November 20, 1984, he was processed before United States Magistrate Dwyer. Magistrate Dwyer continued defendant's release upon the $3,000 surety bond, subject to a number of conditions. One was that defendant not be arrested while on release. The release order indicated that if defendant were rearrested on probable cause, his $3,000 bond would be revoked and a new surety bond of $10,000 would be set.

A preliminary hearing was held on November 28, 1984; Magistrate Dwyer found probable cause to bind the defendant pending grand jury action. On December 6, 1984, defendant was charged in a two-count indictment with violations of 21 U.S.C. § 841(a), asserting possession of heroin and cocaine with the intent to distribute such drugs. He was arraigned on December 18, 1984, before this Court.

On January 22, 1985, defendant was arrested again, based upon a tip from a reliable informant. In his possession were found 28 packets of white powder, which were in three separate groupings held together by rubber bands. One packet was field-tested; it was positive for heroin. On the next day, the Government requested a 10-day hold of defendant in his second case pursuant to the provisions of the new 18 U.S.C. § 3142(d)(1)(A)(i). That request was granted by Magistrate Dwyer. Later on January 23, the Government filed a motion under the Bail Reform Act of 1984 for the revocation of defendant's release in this— the original—case. That motion was based upon the new § 3148 of Title 18. It was opposed by the defendant on January 28, 1985. The principal thrust of the opposition was that the defendant, with a number of community ties, was unlikely not to appear for future scheduled court dates.

On the afternoon of February 1, 1985, this Court held a two-hour hearing. It had two purposes. First, it was a probable cause hearing to determine whether defendant should be held for grand jury action with respect to the second charged offense. Second, it was a hearing under 18 U.S.C. § 3148(b) to determine whether there was probable cause to believe that defendant had committed a crime while on release in his first case.

Following the conclusion of the testimony of the Government's witness (the arresting officer), the Court made dual findings of probable cause. Under 18 U.S.C. § 3148(b)(2)(B), the Court's finding that there was probable cause to believe that defendant committed a felony while he was

on release in this case gave rise to "a rebuttable presumption ... that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

The Bail Reform Act of 1984 is a part of the Comprehensive Crime Control Act of 1984. Those statutes were passed in the latter days of 2d Session of the 98th Congress, and their specific legislative history is slender. However, the provisions which were enacted had extensive prior legislative histories in the United States Senate. Thus, the principal legislative history source for the Comprehensive Crime Control Act of 1984 (which, as noted, includes the Bail Reform Act of 1984) is Senate Report No. 98–225 of the 98th Congress, 1st Session, the Report of the Committee on the Judiciary of the United States Senate on S. 1762, which was the never-enacted Comprehensive Crime Control Act of 1983. At pp. 35–36 of that Report, the following was stated:

> Thus, while the Committee is of the view that commission of a felony during the period of release generally should result in the revocation of the person's release, it concluded that the defendant should not be foreclosed from the opportunity to present to the court evidence indicating that the sanction is not merited. However, the establishment of probable cause to believe that the defendant has committed a serious crime while on release constitutes compelling evidence that the defendant poses a danger to the community, and, once such probable cause is established, it is appropriate that the burden rest on the defendant to come forward with evidence indicating that this conclusion is not warranted in his case.

The Government expressed no concern as to defendant's likelihood of fugitivity (although the defendant is facing mandatory consecutive sentences pursuant to 18 U.S.C. § 3147(1) if he is found guilty of having committed the second offense), but was concerned as to his danger to the community. The defendant presented one witness, his brother, who testified that he believed he could help assure no further criminality by the defendant if he again were conditionally released. After the presentation of evidence, the Court heard from counsel, including both of the separate attorneys which defendant has in his two cases. Various constitutional objections were presented to the relevant provisions of the Bail Reform Act of 1984; the Court found them unpersuasive. In then considering whether defendant's release in this case should be revoked, the Court quoted and relied upon the following language from the Senate Report, *supra,* at 13:

> The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community."

█ The Court agrees fully with that assessment of the impact of drug trafficking upon our society. Based upon the evidence and the law, having found probable cause pursuant to § 3148(b)(1)(A), the Court also found pursuant to § 3148(b)(1)(A) and (B) that no condition or combination of conditions of release would assure that defendant would not "pose a danger to the safety of any other person or the community." Accordingly, the Court concluded that defendant's conditions of release should be revoked and, derivatively, that he should be detained pending trial.

It is believed that this is the first case in this Circuit to present these issues. By virtue of that fact, three factors should be discussed briefly.

█ First, one purpose of the February 1 hearing was the conducting of a preliminary hearing on the second charge, which necessarily involved dealing with defendant's release status in that case. Defendant's counsel in the second case took the position, and the Government agreed, that whatever was decided as to defendant's status in his first case should be the ruling in his second case. The Court does not believe that to be correct. Defendant's bond in the first case was revoked, as a consequence of which he is to be detained

pending trial, solely upon facts which brought into play the applicability of the provisions of 18 U.S.C. § 3148. In the Court's view, defendant could not properly be ordered detained in his second case without careful compliance with the terms of § 3142(e), (f), (g), and (i), which have strict prerequisites for what might be referred to as pure pretrial detention. Accordingly, rather than ordering detention in the second case, the Court set a $100 surety bond in it.

■ Second, apparently in the interest of caution, the Government submitted a proposed detention order which tracked the provisions of § 3142(i). However, consistent with what was stated in the preceding paragraph, the Court concluded that such a formal order is unnecessary.[1] Sections 3142 and 3148 provide quite different avenues to detention pending trial. Defendant was not in the position of one whose pretrial detention was sought pursuant to § 3142; there is probable cause to believe he committed a felony while on release, thereby bringing into play the notably dissimilar provisions of § 3148. When, as here, an order of revocation (and, hence, of detention) is sought by the Government based upon a charge that a defendant has committed a felony while on release, § 3142 does not come into play unless and until the judicial officer finds under § 3148(b)(2)(B) that the defendant has overcome the statutory rebuttable presumption and concludes "that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions...." This is not such a case.

■ Thirdly, counsel for the defendant in this case argued that the Magistrate's statement on the release order that rearrest would result in a $10,000 bond (as opposed to his original $3,000 bond) should be controlling. That is not persuasive; the Magistrate's statement on the release order may not override § 3148 should the Government seek to rely upon that statute and the clear intent of Congress in enacting it.

Accordingly, for all of the foregoing reasons, it hereby is

ORDERED, that the Court's oral ruling of February 1, 1985, that defendant's conditions of release in this case are revoked and that, as a consequence thereof, he shall be detained pending trial, is reaffirmed.

SO ORDERED.

---

1. This is not to say that some sort of detention order might not be appropriate in other circumstances. It happens that this defendant is charged with both offenses in this district and in this court. If he had been on release from another court, this court would have no authority to revoke his conditions of release; that decision would be up to the original court. If that court declined revocation, then this court necessarily would have to issue some sort of an order of detention to hold a defendant. Where, however, as is true here both offenses are charged in the same court, the revocation of release is the only one of § 3148(a)'s three sanctions which needs to be imposed. While detention thus is "ordered," it essentially is automatic upon revocation.