**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael O'SHAUGHNESSY,**
**Defendant-Appellant.**

**No. 85–2360.**

United States Court of Appeals,
Fifth Circuit.

June 18, 1985.

Opinion on Granting of Rehearing
En Banc Aug. 30, 1985.

---

Roland E. Dahlin, II, Thomas S. Berg, Houston, Tex., for defendant-appellant.

Henry K. Oncken, U.S. Atty., James R. Gough, Jr., James J. Powers, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

PER CURIAM:

Michael O'Shaughnessy appeals from the district court's order denying his motion for revocation of a pretrial detention order. Because the "first appearance" requirement of 18 U.S.C. § 3142(f) was not met, we REVERSE the order of the district court and REMAND for further proceedings in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq.

## I.

On March 23, 1985, two fragmentation grenades exploded outside the Houston office of the Bureau of Alcohol, Tobacco and Firearms. In connection with that bombing, on April 23, 1985, the Government indicted Michael O'Shaughnessy and others, charging him with malicious destruction of a building used by a government agency, 18 U.S.C. § 844(f); malicious destruction of a building being used in interstate commerce, 18 U.S.C. § 844(g); and possession of unregistered firearms, 26 U.S.C. §§ 5861(d) and 5871. The Government arrested O'Shaughnessy on April 23, 1985, on a warrant with bail set at $75,000.

O'Shaughnessy's initial appearance occurred on April 24, 1985. The Government moved to continue bail. The court set bail at $175,000, cash or surety.

O'Shaughnessy's arraignment occurred on April 29, 1985. O'Shaughnessy pleaded not guilty and moved for a bond reduction. The Government moved for pretrial detention under the Bail Reform Act of 1984 (Act). O'Shaughnessy's codefendant, Kenneth Martz, sought a continuance of the pretrial detention hearing. O'Shaughnessy objected to any detention hearing but did

not object to the continuance requested by Martz, and the magistrate continued the hearing until May 1, 1985.

Following the detention hearing on May 1, 1985, the magistrate granted the Government's motion, and entered its detention order on May 2, 1985.[1]

The district court conducted a hearing on May 8, 1985, on O'Shaughnessy's motion for revocation of the detention order. The court entered its order denying the motion to revoke the detention order on May 10, 1985. O'Shaughnessy timely appealed that order.

Trial is scheduled for July 1, 1985.

## II.

The magistrate detained O'Shaughnessy based on his findings by clear and convincing evidence that O'Shaughnessy committed an act of violence and that he constituted a danger to a prospective witness. O'Shaughnessy does not challenge the sufficiency of those findings on this appeal. Rather, the sole issue focuses on the failure to hold a pretrial detention hearing "immediately upon the person's first appearance before the judicial officer" as required by 18 U.S.C. § 3142(f).

■ The Act substantially revises the Bail Reform Act of 1966. A Court may now detain prior to trial a defendant who will not flee if no conditions of release will assure the safety of specific individuals or the community. This change, with others, marks a significant departure from the basic philosophy of the 1966 act to use bail laws to assure the appearance of the defendant at judicial proceedings. *See* S.Rep. No. 225, 98th Cong.2d Sess., *reprinted* in 1984 U.S.Code Cong. & Ad. News 3182, 3184–3185–3186. Sensitive to pretrial deprivation of liberty yet alarmed by crimes committed by defendants on pretrial release, Congress carefully crafted pretrial detention procedural requirements de-

signed "to provide adequate procedural safeguards" and to "limit pretrial detention to cases in which it is necessary to serve the societal interests it is designed to protect." *Id.* at 3191.

The Act authorizes a judicial officer to hold a detention hearing only "upon motion of the attorney for the Government" in cases involving a crime of violence; an offense for which the maximum sentence is life imprisonment or death; an offense for which a maximum term of imprisonment of ten years or more is prescribed in specified controlled substance acts; or any felony committed after the person had been convicted of two or more of these offenses or of two or more state or local offenses that would have constituted these offenses under federal jurisdiction. 18 U.S.C. § 3142(f)(1). For cases involving a serious risk that the defendant would flee or obstruct or attempt to obstruct justice, or threaten, injure or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror, the judicial officer on his own motion or the Government may move for pretrial detention. 18 U.S.C. § 3142(f)(2). Upon motion, the Act provides:

> "The [detention] hearing shall be held *immediately upon the person's first appearance before the judicial officer* unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days."

18 U.S.C. § 3142(f) (emphasis added).

■ At the hearing, the defendant has the right to be represented by counsel, court-appointed if he is financially unable to obtain adequate representation. The defendant has the right to testify, to present witnesses on his own behalf, to cross-examine witnesses who appear at the hearing

---

**1.** On May 3, 1985, the Government filed a superseding indictment adding an obstruction of justice charge. Thereupon, on May 8, 1985, the district court dismissed the initial indictment.

The Government does not contend that the filing of the superseding indictment is relevant to the issue raised on this appeal.

and to present information by proffer or otherwise. *Id.*

In determining whether any conditions will reasonably assure the defendant's appearance and the safety of any other person and the community, the judicial officer must take into account criteria specified at 18 U.S.C. § 3142(g). The judicial officer may then order pretrial detention if he finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. 18 U.S.C. § 3142(e) and (f). In conducting the hearing and making these findings, the judicial officer may invoke, if applicable, rebuttable presumptions established by the Act. 18 U.S.C. § 3142(c).

▮ At O'Shaughnessy's first appearance on April 24, 1985, the Government neither moved for a detention hearing nor sought a continuance. The judicial officer did not move for pretrial detention on his own motion. The judicial officer did not conduct a detention hearing. To the contrary, the Government moved to continue bail. Under the Act's unambiguous mandatory language, noncompliance with the "first appearance" requirement of 18 U.S.C. § 3142(f) precludes detention under 18 U.S.C. § 3142(e).

### III.

The Government contends that a literal reading of the statute would throw technical obstacles in the path of the Government and the courts, thwarting the congressional attempt to protect witnesses and the community from dangerous individuals. The Government points out potential problems created by the Act's "first appearance" requirement: for example, what if information establishing a defendant to be a danger to others comes into the Government's possession shortly after the initial appearance?

▮ Unless we find exceptional circumstances, we will not deviate from clear, unambiguous and mandatory statutory language. *See Rubin v. United States,* 449

U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981); *Tennessee Valley Authority v. Hill,* 437 U.S. 153, 187 n. 33, 98 S.Ct. 2279, 2298 n. 33, 57 L.Ed.2d 117 (1978). In considering the "first appearance" requirement, the Second Circuit refused to weaken the Act's procedural fabric by "encouraging imprecise application of procedural requirements." *United States v. Payden,* 759 F.2d 202, 205 (2d Cir.1985). Although the Second Circuit's case involved the unusual circumstances of pre-Bail Reform Act arrest with arraignment on a superseding indictment five days after the Act took effect but before notice of the Act reached the court or the parties, we nevertheless agree with its underlying policy to strictly apply the "first appearance" requirement. The Government has not persuaded us that we, as an appellate court, rather than Congress, should deviate from the Act's unambiguous mandatory language. The Act's procedural requirements protect both the Government and the defendant. Given the potential deprivation of liberty, the Government must move for detention except in limited circumstances when the judicial officer may do so. If the Government moves, the defendant may avoid an immediate hearing at his first appearance before a judicial officer by invoking his right to a five day continuance, which can be extended for good cause. For its part, should the Government be uncertain about the need for detention, it may protect its position by moving for detention and invoking, at the first appearance, its right to a three day continuance which can be extended for good cause. If the Government's concern for the safety of any person or the community arises after the time for seeking pretrial detention, the Government may move for additional or different conditions of pretrial release under 18 U.S.C. § 3142(c) or move for revocation of release and detention for a violation of a condition of release under 18 U.S.C. § 3148. This process delicately balances detaining a person prior to trial with procedural safeguards. If problems arise with this procedure, Congress should address them.

The Government maintains and the district court found sufficient compliance be-

cause of a scheduling error created by a judicial officer not attributable to the Government. The magistrate told the lead attorney on the case, Assistant U.S. Attorney Linda Lattimore, that the initial appearance would be held at 2 p.m. on April 24, 1985, to permit her to represent the United States at the hearing. Instead, the magistrate held the initial appearance at 10 a.m. on April 24. Assistant U.S. Attorney Wayne Campbell appeared for the Government. Campbell did not move for pretrial detention. He did not seek a continuance. The magistrate did not hold a detention hearing. When Lattimore appeared at the magistrate's courtroom on the afternoon of April 24, she learned that the initial appearance had already been held. She had fully intended to pursue a pretrial detention hearing.

Nothing in the Act suggests that any scheduling error by a judicial officer excuses the failure to comply with the Act's "first appearance" requirement. Although the magistrate held the initial appearance earlier on April 24, 1985 than anticipated by the Government, the Government was represented at the initial appearance by counsel. If not prepared to move for and hold a detention hearing, counsel could have sought a continuance thereby protecting the Government's ability to seek pretrial detention under the Act. The Government may still request imposition of substantial conditions for release under 18 U.S.C. § 3142(c) and should O'Shaughnessy fail to comply, move for revocation of release and detention under 18 U.S.C. § 3148.

REVERSED AND REMANDED.

ON SUGGESTION FOR REHEARING EN BANC

Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is GRANTED. It is further ordered that supplemental briefing be on an expedited basis with the schedule to be set by the Clerk. The case will be assigned to the first available oral argument calendar after briefing.