**UNITED STATES of America, Plaintiff,**

**v.**

**Norman Douglas BAKER, Defendant.**

**Crim. A. No. Cr. 3–88–273–G.**

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 6, 1989.

Paul D. Macaluso, Asst. U.S. Atty., Dallas, Tex., for plaintiff.

James Lee Irwin, Dallas, Tex., for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on defendant Norman Baker's appeal, pursuant to 18 U.S.C. Section 3145(b), of the magistrate's detention order entered on rehearing on December 12, 1988, in which the magistrate set a $20,000.00 cash or surety bond. For the reasons stated herein, the court declines, after *de novo* review of the record, to revoke or amend the magistrate's detention order or to grant the defendant's request for a "new hearing."[1]

### I. *The Detention Order*

Upon a *de novo* review of the tape recording of the detention hearing and rehearing before United States Magistrate John B. Tolle, as well as the affidavit submitted by the defendant in support of this appeal, the court finds no basis for revocation or amendment of the magistrate's order.

### A. *Available Information*[2]

The defendant has been indicted for conspiracy to counterfeit federal notes and for counterfeiting, possessing, concealing and passing federal notes in violation of 18 U.S.C. sections 2, 371 and 472. At the detention hearing, the defendant was alleged to have been in the possession of a briefcase containing some $27,000 in counterfeit federal notes and was alleged to have used the counterfeit notes to purchase merchandise in Dallas and Waxahachie. Tape recording of 12–5–88 hearing.

At the time the defendant was arrested, another warrant for his arrest for the offense of burglary had apparently been issued by state authorities in Kilgore, Texas.

Tape recording of 12–5–88 hearing. The defendant's girlfriend is co-defendant Brenda Lynn Davidson, a/k/a Brenda Baker Davidson ("Davidson"), with whom he has cohabited in Kilgore, Texas, in the Eastern District of Texas, and who he considers to be his common law wife.[3] Tape recording of 12–5–88 hearing; affidavit of Norman Douglas Baker, Jr. ("Baker affidavit"). Davidson has had one child since her association with the defendant, and although not the defendant's biological child, the defendant considers the child to be his own. *Id.*

The defendant has no employment, a history of drug abuse, and cannot read or write. He has no ties to the community in the Northern District of Texas. He has in the past lived a nomadic existence, and his family connections seem tenuous. *Id.;* tape recording of 12–12–88 hearing.

On his behalf, the defendant argues that Davidson's parents have land outside the Northern District of Texas that they might be willing to put up in support of a bond of $2,000–$5,000, and that if the court released him on his own personal recognizance, he will reside with his co-defendant's family in Kilgore and be available to appear at all times. Baker affidavit; tape recording of 12–12–88 hearing.

### B. *Standard for Detention; Disposition*

A determination of detention may be based on either the likelihood of the defendant's appearance or the safety of others. *United States v. Fortna,* 769 F.2d 243, 249 (5th Cir.1985). Although the defendant's alleged criminal conduct and pending burglary warrant suggest that he may pose a danger to the community, the court need not reach that issue. The risk that the defendant will not appear for trial is substantial enough, without more, to support the order of detention.

---

1. I.e., to the extent that the defendant is requesting a second formal oral hearing under 18 U.S.C. sections 3142(e) and (f). *See United States v. King,* 849 F.2d 485, 489–90 (11th Cir.1988).

2. *See* 18 U.S.C. § 3142(g) (the judicial officer shall "take into account the available informa-

tion concerning [the listed factors]"); Fed.R. Evid. 1101(d)(3) (rules of evidence inapplicable). *See also United States v. Golding,* 742 F.2d 840, 842 (5th Cir.1984).

3. She is currently married to another man.

On the issue of appearance, "the judicial officer must determine that it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook*, 780 F.2d 1185, 1189 (5th Cir. 1986). Almost every factor listed in 18 U.S.C. section 3142(g) on which the court has information supports the bond set by the magistrate. *See Fortna*, above, 769 F.2d at 252. The defendant has been indicted for serious crimes against property. At the time of his arrest, another warrant was pending against him for burglary. He has doubtful residential and family ties, no employment, and a history of drug abuse. Defendant's request for release on his own recognizance is DENIED.

### II. *Defendant's Request for a New Hearing*

■ The court also finds no basis to grant defendant an additional detention hearing. "When the district court, pursuant to 18 U.S.C. section 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release." *Fortna*, above, 769 F.2d at 249–50 (citing with approval *U.S. v. Freitas*, 602 F.Supp. 1283, 1293–94 (N.D. Cal.1985) (defendant seeking review of magistrate's order "is entitled to have the district court consider the transcript of the hearing before the magistrate as well as any *newly developed evidence* that was *not* presented at the prior hearing") (emphasis added)).

■ In *United States v. McConnell*, 842 F.2d 105 (5th Cir.1988), the Fifth Circuit reminded trial courts that a formal hearing is required under section 3142(c) and (f) before a "judicial officer." *Id.* at 109 n. 5. The defendant has had his formal hearing before the magistrate, and he points to no authority that he is entitled to another. Independent review by this court does not mean a *de novo* hearing. *United States v. King*, 849 F.2d 485, 489–90 (11th Cir.1988). The court having reviewed the record of the hearing before the magistrate, as well as the additional evidence presented by

way of defendant's affidavit on this appeal, sees no necessity for another hearing. Accordingly, defendant's request for a "new hearing" is DENIED.

SO ORDERED.