UNITED STATES of America, Plaintiff,

v.

Debra Andrews CAMPBELL,
Defendant.

Crim.A. No. CR 3–89–043–G.

United States District Court,
N.D. Texas,
Dallas Division.

May 1, 1989.

See also, D.C., 710 F.Supp. 641.

Robert L. Webster, Asst. U.S. Atty., Dallas, Tex., for plaintiff.

R.D. Rucker, Dallas, Tex., for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on the defendant's motion for revocation, pursuant to 18 U.S.C. § 3145(b), of the magistrate's April 26, 1989 order revoking the defendant's release on personal recognizance and committing her "to custody without bail pending the trial of this action." Order of April 26, 1989 at 2. The defendant asks the court to release her on personal recognizance or to set "a bail reasonable given the circumstances." Defendant's motion at 3. Upon a *de novo* review of the tape recordings of the April 25, 1989 hearing before United States Magistrate John B. Tolle on violation of defendant's conditions of release, and of the initial March 2, 1989 detention hearing before the same magistrate, as well as the written pretrial services report, the court is of the opinion that the defendant's motion should be denied.

### I. *Background*

On February 27, 1989, Magistrate Tolle ordered the defendant "committed without bail pending detention hearing on March 2, 1989." February 27, 1989 order setting conditions of release at 2. At the detention hearing on March 2, 1989, he ordered the defendant released on personal recognizance, subject to the conditions that the defendant: (1) not violate any federal, state or local law; (2) immediately advise the court, the defense attorney, and the U.S. Attorney in writing of any change in address and phone number; (3) promise to appear (and actually appear) at all proceedings as required and surrender for service of any sentence imposed; (4) not travel outside the state of Texas without court permission or change address without giving written notice to the defense attorney and the U.S. Attorney; (5) report on a regular basis to the Pretrial Services Agency ("PSA"); (6) surrender any passport to the clerk of this court or furnish an affidavit that it is not available; (7) undergo a drug surveillance program under supervision of the PSA; (8) not use or consume any alcoholic beverage; and (9) not use any controlled substance unless prescribed in a lawful manner by a licensed medical practitioner. March 2, 1989 order setting conditions of release at 1–2. *See* 18 U.S.C. § 3142(h).

On April 21, 1989, the defendant was arrested pursuant to a warrant issued on the application of a PSA officer. The application alleged that the defendant violated

release conditions (1) and (8) above. Petition and order of April 21, 1989; order of April 26, 1989; tape recording of 4–25–89 hearing. Magistrate Tolle held a hearing on these allegations on April 25, 1989. He found that the defendant "deliberately violated a condition of her release" by consuming an alcoholic beverage, and ordered her detained without bail pending trial. Order of April 26, 1989 at 1, 2; tape recording of 4–25–89 hearing.

## II. *Analysis* [1]

The defendant first argues that the magistrate's revocation of her release on personal recognizance and detention without bail was not authorized by 18 U.S.C. § 3142(f), because the defendant has not been involved in a crime of violence, has not been convicted of a felony under the laws of the United States or of any state, is not exposed to a penalty of life imprisonment or death for the offenses of mail fraud with which she is charged, and does not stand indicted for any drug offenses. Defendant's motion at 1.

Section 3142(f) requires a judicial officer to hold a detention hearing to determine "whether any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The judicial officer, here Magistrate Tolle,[2] *shall* hold such a hearing (1) upon the government's motion in a case that involves a crime of violence; an offense for which the maximum sentence is life imprisonment or death; certain types of drug offenses carrying a maximum sentence of ten years or more; or—under certain circumstances—any felony; or (2) upon the government's or the judicial officer's own motion in a case that involves a

serious risk that the defendant will flee; or obstruct or attempt to obstruct justice, or harm or attempt to harm a prospective witness or person. *Id.* Thus, § 3142(f) addresses those situations where the judicial officer *must* hold a detention hearing. *See United States v. O'Shaughnessy,* 764 F.2d 1035, 1037–38 (5th Cir.1985). By itself, however, this statute does not speak to the forms of detention or release the judicial officer may impose. *Id.*

Further, without reference to other sections of the statute, § 3142 alone governs the pretrial release or detention of defendants upon their "first appearance" before the judicial officer. 18 U.S.C. § 3142(f). *See O'Shaughnessy,* 764 F.2d at 1037–38. *See also* 18 U.S.C. §§ 3142(a) and (b). But any suggestion that § 3142 alone governs the issue of sanctions for violation of a release condition is rebutted by the existence of 18 U.S.C. § 3148, which is entitled "Sanctions for violation of a release condition." *See O'Shaughnessy,* 764 F.2d at 1039; *United States v. Gotti,* 794 F.2d 773, 778 (2d Cir.1986) (citing *United States v. McKethan,* 602 F.Supp. 719, 722 (D.D.C. 1985)) ("§ 3142 and § 3148 provide quite different avenues to detention before trial"). *See also Milhem v. United States,* 834 F.2d 118, 122 (7th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 783, 98 L.Ed. 2d 868 (1988). Because the defendant does not dispute the magistrate's authority to hold the initial March 2, 1989 detention hearing,[3] or his authority to release the defendant on her personal recognizance pursuant to § 3142, but does challenge the merits of the magistrate's order of April 26, 1989, the court now turns to 18 U.S.C. § 3148.

18 U.S.C. § 3148 provides in relevant part:

**1.** This court, in its independent consideration of the record, may make findings and review the order below "'as unfettered as ... if the district court were considering whether to amend its own action.'" *United States v. Fortna,* 769 F.2d 243, 249–50 (5th Cir.1985) (quoting *United States v. Thibodeaux,* 663 F.2d 520, 522 (5th Cir.1981)).

**2.** *See United States v. Baker,* 703 F.Supp. 34, 36 (N.D.Tex.1989) (citing *United States v. King,* 849 F.2d 485, 489–90 (11th Cir.1988)).

**3.** Which, in any event, the magistrate clearly had the authority *and the obligation* to do. *See* 18 U.S.C. § 3142(f); tape recording of 3–2–89 hearing.

**§ 3148. Sanctions for violation of a release condition**

**(a) Available sanctions.**—A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.

**(b) Revocation of release.**—The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. *The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—*

(1) finds that there is—

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; *or*

(B) the person is *unlikely* to abide by *any* condition or combination of conditions of release.

\*    \*    \*    \*    \*    \*

If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

(emphasis added) (West Supp.1989) (as amended by section 55 of Pub.L. 99–646, effective 30 days after November 10, 1986).

The defendant understood the conditions of her pretrial release and admits deliberately violating the condition requiring that she abstain from the use or consumption of any alcoholic beverage. Tape recording of 4–25–89 hearing. Thus, the first inquiry of the statute is met: clear and convincing evidence that the person has violated any condition of release.[4] 18 U.S.C. § 3148(b)(1)(A) and (B).

---

**4.** The court cannot end the discussion of § 3148(b)(1), however, without documenting the defendant's other violations of her conditions of release. There is probable cause to believe that the defendant committed a local crime while on release. 18 U.S.C. § 3148(b)(1)(A). *See United States v. Cantrell,* 848 F.2d 194 (6th Cir.1988) (citing *Gotti,* 794 F.2d at 777). The event giving rise to the April 25, 1989 hearing was the defendant's arrest on April 2, 1989 for public intoxication. Tape recording of 4–25–89 hearing; order of April 26, 1989 and attachment. Upon being informed by a passing motorist that a black Chevy four door was parked in the middle of the intersection of Westgrove and Trinity Mills Road in Carrollton, Texas, a police officer investigated and found the defendant asleep in the vehicle. The officer woke the defendant and observed that she smelled of an alcoholic beverage, did not know where she was, could not get her balance, and slurred her speech. *Ibid.* The arrest for public intoxication followed. At the April 25, 1989 hearing, the defendant would only admit to being very tired, having a couple of sips of beer at a business meeting in a restaurant, and parking her car by the side of the road. But from listening to the tape of the hearing, it is apparent to this court, as it was to the magistrate, that the defendant's recollection of events was unclear, that she was not quite sure where she parked the car, and that she was probably too intoxicated at the time to know what she was doing. *Id.* The defendant presented no evidence to impeach the police officer's report or to explain why it was so radically different from her own account. *Id.* Also, there was clear and convincing evidence that the defendant obtained an additional phone number, apparently for a fax machine, and did not timely give her PSA officer this updated information. *Id.*

The defendant maintains, however, that the nature of her violation [5] and other relevant factors [6] require that the magistrate's order of April 26, 1989 be revoked. The court does not agree. From the PSA report of February 27, 1989 [7], it is apparent that, at the time of her initial hearing, the defendant had a long-standing problem with alcohol consumption (and possibly drug abuse). Based on this history and the defendant's recent conduct, the court finds that the defendant is unlikely to abide by the condition of pretrial release regarding abstention from the use or consumption of alcoholic beverages. 18 U.S.C. § 3148(b)(2)(B). *See Gotti,* 794 F.2d at 777. *See also United States v. Westbrook,* 780 F.2d 1185, 1188–89 and n. 5 (5th Cir.1986) (citing *Fortna,* 769 F.2d at 250); *Baker,* 703 F.Supp. at 36.[8]

### III. *Conclusion*

Defendant's motion for revocation of the magistrate's April 26, 1989 order of revocation and detention is DENIED.

SO ORDERED.

---

**5.** "A couple of sips." *See* note 4 *supra.*

**6.** *See* 18 U.S.C. §§ 3148(b)(2)(A); 3142(g). *See also Fortna,* 769 F.2d at 250–52; *Baker,* 703 F.Supp. at 35–36.

**7.** Which the magistrate obviously relied on in setting release conditions concerning alcohol and drug surveillance. Tape recordings of 3–2–89 and 4–25–89 hearings. *See Fortna,* 769 F.2d at 250–51 and n. 7 (rules of evidence inapplicable except for privileges); *Baker,* 703 F.Supp. at 35 n. 2. The PSA report indicates that the defendant's mother considers the defendant to be an alcoholic. It also indicates that the defendant pled guilty to a charge of driving while intoxicated in September 1983, and was arrested but not charged for driving while intoxicated in November 1987.

**8.** Were it not for the defendant's unfortunate and seemingly intractable problem with alcohol and possibly drugs, the other available information concerning the factors listed in 18 U.S.C. § 3142(g) might support an order of release on a bond of $2,000.00 to $5,000.00 dollars in addition to the other conditions already imposed. *See* tape recordings of 3–2–89 and 4–25–89 hearings (charged offense of mail fraud does not involve violence or narcotic drugs; fact issues concerning culpability are hotly contested and defendant has worked hard to aid her attorney in preparing for trial; defendant has joint custody of 16 year old son; defendant resides in home in Collin County and was employed prior to detention; defendant never convicted of a felony; defendant has complied with conditions of release other than those listed in this memorandum order). *See Fortna,* 769 F.2d at 250–52; *Baker,* 703 F.Supp. at 35–36 and n. 2. Except for the one incident of public intoxication and prior record of driving while intoxicated, there is no clear and convincing evidence that the defendant would pose a danger to herself or the community. 18 U.S.C. § 3142(f); *Westbrook,* 780 F.2d at 1189, n. 6; *Fortna,* 769 F.2d at 250. *See* tape recording of 3–2–89 hearing.