Strafford
No. 88-433

THE STATE OF NEW HAMPSHIRE

v.

LARRY HALL

May 3, 1989

*Stephen E. Merrill*, attorney general (*Clyde R. W. Garrigan*, assistant attorney general, and *Mark E. Howard*, attorney, on the brief, and *Mr. Howard* orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant was ordered detained by the Superior Court (*Nadeau*, J.) pending his trial on felony drug charges. He appeals pursuant to RSA 597:6-e, III (Supp. 1988), contending that the detention hearing violated RSA 597:6-a, VII (Supp. 1988) because it was held more than 72 hours after his arrest, and that the court abused its discretion under the same statute in precluding the defense from presenting witnesses at the hearing. We hold that the 72-hour limit did not bar the State from later moving for a detention hearing because it only learned of a change in the defendant's circumstances after the deadline had passed, but we reverse and remand the court's decision because the superior court policy limiting evidence to offers of proof was error, as a court must permit a defendant to present witnesses at a detention hearing if the court is unpersuaded by the defendant's offer of proof.

Larry Hall was arrested on August 17, 1988, on charges involving the sale of cocaine and marijuana. Bail was set in Dover District Court at $25,000 cash. On September 29, he filed a motion in the superior court to reduce bail, and a hearing was scheduled for October 4.

During that hearing before the Superior Court (*Temple*, J.), the State filed a response to the defendant's motion to reduce bail, contending that the $25,000 bail was necessary to ensure the defendant's appearance at trial. The State requested that if the defendant could not meet bail, the court hold a pretrial detention hearing under RSA 597:6-a, VII (Supp. 1988). The court heard arguments and, although it expressed concern about the amount of bail, it did not reduce it and scheduled a detention hearing for October 7.

At the hearing, not held until October 21 due to a continuance granted the defendant, the defendant objected both to the timing of the proceeding, arguing that a detention hearing must be held within 72 hours of arrest, RSA 597:6-a, VII (Supp. 1988), and to any offer of proof being made. The court noted the objection to the timing of the hearing and ruled that the superior court had

determined that all detention hearings would be conducted by offers of proof. The court allowed defense counsel to cross-examine State witnesses, but did not let him conduct direct examination of defense witnesses.

The State proceeded to make an offer of proof regarding the investigation leading to the defendant's arrest, his background and lengthy criminal record, and his present situation in New Hampshire. The State argued that detention was necessary because the prospect of reduced bail left "no condition or a combination of conditions that will reasonably assure the defendant's appearance at court and the safety of the community as well." Defense counsel followed with an offer of proof regarding the defendant's family and employment ties to New Hampshire as well as his history of appearing at court hearings and trials. The court then stated that it accepted the defendant's offer of proof. It found, however, that the State had demonstrated that no condition would assure the community's safety and ordered the defendant detained pending arraignment and trial. The defendant brought this appeal.

The bail reform act enacted by Laws of 1988, chapter 110, amending RSA 597:1 *et seq.* ("NHBRA"), is closely patterned on the Federal Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* ("FBRA"). It aimed, among other goals, to "allow pretrial detention of a defendant if no condition of release will assure his appearance or the safety of specific individuals or the community." N.H.H.R. JOUR. 199 (1988); *see* RSA 597:6-a, VI (Supp. 1988); *see also* 18 U.S.C. § 3142(e). The NHBRA provides that, upon motion of the attorney general or county attorney, a justice of the superior court shall hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the defendant or of any other person in the community. RSA 597:6-a, VII (Supp. 1988); *see* 18 U.S.C. § 3142(f). If the justice finds that no such conditions exist, he shall order the defendant detained until trial. RSA 597:6-a, VI (Supp. 1988): *see* 18 U.S.C. § 3142(e).

The provisions regarding the timing of a detention hearing differ between the FBRA and NHBRA. The federal law provides that "the hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance." 18 U.S.C. § 3142(f). The NHBRA, on the other hand, seems to present conflicting rules: "A motion to initiate pretrial detention proceedings shall be proper at any time regardless of the person's pretrial release status. The hearing shall be held within 72 hours of the

person's arrest, unless the person, or the attorney general or county attorney, seeks a continuance." RSA 597:6-a, VII (Supp. 1988). The 72-hour rule apparently was inserted in the NHBRA because, while the FBRA reflected the one-tier federal system, most defendants in this State are arrested and appear first in the district court, while the detention hearing must be held in the superior court. *See id.*

The defendant would have us construe the inconsistent directives in the statute to require that the detention hearing be held within 72 hours of arrest, subject to continuances, and to permit the State to move for pretrial detention "at any time" within that 72-hour period, regardless of whether the defendant was in custody or released under conditions imposed by the district court. *See* RSA 597:6-a, II and III (Supp. 1988). This construction, however, does not square with the statute's overall purpose. *See* N.H.H.R. JOUR. 191 (1988) ("purpose . . . is to deter those released on bail from committing new crimes"). Accordingly, the NHBRA must be read to require the State to initiate detention proceedings within the 72-hour period unless there is a change in circumstances or the discovery of new information which will permit the State to move for a hearing at any time.

It is instructive that aside from allowing continuances, the sentence containing the FBRA's first appearance rule lacks exceptions. 18 U.S.C. § 3142(f). The NHBRA's 72-hour limit, on the other hand, is immediately qualified by the provision enabling the State to move to initiate detention proceedings "at any time." RSA 597:6-a, VII (Supp. 1988). In addition, at the end of § 3142(f), the FBRA provides that the judicial officer may reopen detention proceedings "at any time" after the first appearance if the officer finds the existence of new information bearing on the issue of the likelihood of the person's appearance or the safety of the community. 18 U.S.C. § 3142(f). This provision was replaced by the NHBRA provision authorizing the State to move for pretrial detention proceedings "at any time." RSA 597:6-a, VII (Supp. 1988).

Courts construing the FBRA have recognized that changed circumstances or new information could justify exceptions to the otherwise rigid first appearance rule. *See United States v. Salamone*, 648 F. Supp. 312, 316 (M.D.Pa. 1986); *see also United States v. Holloway*, 781 F.2d 124, 129 (8th Cir. 1986) (but no such new evidence here, so late detention request barred). *But see United States v. O'Shaughnessy*, 764 F.2d 1035, 1038 (5th Cir. 1985) (no deviation from "unambiguous" first appearance rule).The NHBRA, with its explicit authorization for detention motions "at any time,"

allows at least as much leeway as the facially inflexible FBRA standard. We therefore hold that the 72-hour limit in RSA 597:6-a, VII (Supp. 1988) does not prevent the State from later moving for a detention hearing if it becomes aware of a change in circumstances or new information.

No matter when the district court establishes conditions for a defendant's release, RSA 597:6-a, II and III (Supp. 1988), the State must move for a detention hearing in the superior court within 72 hours of the defendant's arrest, if it believes that whatever conditions may be set will not "reasonably assure the appearance of the person as required or the safety of the person or of any other person or the community." RSA 597:6-a, VII (Supp. 1988). The State may not move for a detention hearing once the 72-hour deadline passes unless it learns of a change of circumstances or new information, in which case the State may move for a hearing "at any time." *Id.*

In the case before us, the district court initially set bail at $25,000 in order to assure the defendant's appearance. *See* RSA 597:6-a, III(b) (Supp. 1988). The defendant then moved to reduce bail because, he alleged, he could not raise that amount. *See* RSA 597:6-e, II(b) (Supp. 1988). Because RSA 597:6-a, III (Supp. 1988) provides that "[t]he court may not impose a financial condition that results in the pretrial detention of the person," the State anticipated that the court might substantially reduce the bail amount. The State believed that only the risk of forfeiting a significant bail amount would reasonably assure the defendant's appearance. The likelihood that bail would be reduced constituted a change in the defendant's circumstances. This authorized the State to move to initiate pretrial detention proceedings even though the 72-hour deadline had passed.

The defendant also argues that the superior court abused its discretion in refusing to allow the defense to present witnesses and in applying a blanket rule that detention proceedings would be conducted solely by offers of proof. The NHBRA provides that at a pretrial detention hearing, a person has the right to be represented by counsel and to have counsel appointed if the person is unable to retain adequate representation. RSA 597:6-a, VII (Supp. 1988). Furthermore, the defendant "shall be afforded an opportunity to testify, to present witnesses on his own behalf, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." *Id.*

The superior court's policy, as stated by the trial judge, of prohibiting defendants from presenting witnesses, constitutes error. Although federal courts, interpreting virtually identical language in the federal statute, have not literally applied it to give defendants an absolute right to present witnesses, *see* 18 U.S.C. § 3142(f), they have ruled that the trial judge must exercise discretion in determining whether evidence should be received by offer of proof or by live witnesses. *United States v. Delker,* 757 F.2d 1390, 1395 (3rd Cir. 1985); *United States v. Acevedo-Ramos,* 755 F.2d 203, 207 (1st Cir. 1985). Application of a blanket prohibition against presenting witnesses forecloses the exercise of sound discretion. *See State v. Goding,* 124 N.H. 781, 784, 474 A.2d 580, 581 (1984); *State v. Chaisson,* 123 N.H. 17, 30, 458 A.2d 95, 102 (1983).

At a detention hearing under RSA 597:6-a, VII (Supp. 1988) therefore, the trial court generally may require a defendant to proceed by offer of proof. *See United States v. Delker supra.* If unpersuaded by the defendant's proffer, however, the court must permit the defendant to present witnesses. During a detention hearing, the court should use its discretion to make meaningful defendants' statutory rights to present their own witnesses and to cross-examine State witnesses, without transforming the hearing into a full-fledged trial. *United States v. Acevedo-Ramos supra.*

During direct examination, the court should limit testimony to the two specific questions at issue: whether "no condition or combination of conditions will reasonably assure the safety of the person or of any other person or the community" and whether "no condition or combination of conditions will reasonably assure the appearance of the person as required." RSA 597:6-a, VII (Supp. 1988). The court may also exercise its discretion to prevent defendants from using the detention hearing to launch a discovery expedition or to challenge a previous finding of probable cause. *See United States v. Acevedo-Ramos supra.*

In the present case, the trial court employed an improper procedure and made findings adverse to the defendant on both criteria for detention. We therefore remand for a new hearing, at which time the defendant must be allowed to present witnesses on his behalf.

*Reversed and remanded.*

All concurred.