Hillsborough-southern judicial district
No. 96-740

JAY LAROSE *& a.*

v.

SUPERINTENDENT, HILLSBOROUGH COUNTY CORRECTION
ADMINISTRATION

October 29, 1997

*James E. Duggan*, chief appellate defender, of Concord, *Lawrence A. Vogelman*, public defender, of Concord, and *Behzad Mirhashem*, public defender, of Nashua (*Mr. Duggan* and *Mr. Vogelman* on the brief, and *Mr. Mirhashem* orally), for the petitioners.

*Philip T. McLaughlin*, attorney general (*Patrick E. Donovan*, assistant attorney general, on the brief and orally), for the State.

BROCK, C.J. The petitioners, Jay Larose, Shawna Brown, and Richard Theriault, appeal the Superior Court's (*Dalianis*, J.) denial of their consolidated petitions for writ of habeas corpus, challenging the legality of their arraignments and bail hearings conducted by video teleconference because they could not make bail. We affirm.

Pursuant to a temporary order of this court, arraignments and bail hearings in Hillsborough County may be conducted via a teleconference system installed between the superior courthouse, housing in this instance the Nashua District Court, and the Nashua Police Station. Under the temporary procedure, a defendant and his or her attorney are able to view the courtroom on a television monitor divided into four sections, each displaying a different person or part of the courtroom. Similarly, the district court judge can view a defendant and his or her attorney on one of five monitors

mounted around the courtroom. The petitioners were arraigned and their bail, which none of them could meet, was set using this procedure. Maintaining that the temporary procedure violated statutory and constitutional mandates, the petitioners filed petitions for writ of habeas corpus.

At the superior court hearing on the consolidated petitions, Dr. Donald Davidoff, a clinical psychologist, offered his opinion that the use of teleconferencing technology would adversely bias a judge's opinion of a defendant. Additionally, Attorney Kent Smith, who, during his ten-year tenure with the public defender's office, had conducted several video bail hearings, testified that conducting a bail hearing by video affected his ability to be an effective advocate for a client "[t]o some extent." Nonetheless, the trial court determined that the teleconference procedure did not violate either statutory or constitutional mandates and denied the petitions; this appeal followed.

We first address the petitioners' statutory argument. *See Britton v. Town of Chester*, 134 N.H. 434, 441, 595 A.2d 492, 496 (1991). The petitioners maintain that the teleconference procedure violates RSA 594:20-a (Supp. 1996), which requires that a person who is arrested and held in custody "shall be taken before a district or municipal court without unreasonable delay, but not exceeding 24 hours, Sundays and holidays excepted, to answer for the offense." Because of the teleconference procedure, the petitioners contend, they were not "taken before the court."

■■ In matters of statutory interpretation, we turn first to the plain meaning of the words used. *Cross v. Warden, N.H. State Prison*, 138 N.H. 591, 593, 644 A.2d 542, 543 (1994). What encompasses being "taken before" the court, in light of current audiovisual interactive technology, is ambiguous. Consequently, we must determine the intent of the legislature in enacting RSA 594:20-a. *See Welch v. Director, N.H. Div. of Motor Vehicles*, 140 N.H. 6, 8, 662 A.2d 292, 293 (1995). Here, the legislature intended to insure the timely arraignment of a person being held in custody, not to guarantee face-to-face contact with the court. Moreover, "the use of video conferencing allows for the respondent's 'presence,' at least in some sense, at the [arraignment and bail] hearing." *United States v. Baker*, 45 F.3d 837, 843 (4th Cir. 1995) (upholding video conferencing in civil commitment hearing of inmate). Consequently, the teleconference procedure does not violate RSA 594:20-a.

Citing both the New Hampshire and United States Constitutions, the petitioners next assert that the teleconference procedure vio-

lated their right to confrontation. In pretrial proceedings such as these, a "defendant's right to confrontation is satisfied by his opportunity for cross-examination and by his opportunity to raise questions about the accuracy of the State's proffer in his own offer of proof or through his own witnesses." *State v. Poulicakos*, 131 N.H. 709, 714, 559 A.2d 1341, 1344 (1989). In none of these cases, however, did the petitioner challenge the State's proffer; nor were there any witnesses. Accordingly, on the facts of these cases, the confrontation issue is not before us and we need not address it.

■ The petitioners finally argue that the teleconference procedure violated their due process rights under part I, article 15 of the New Hampshire Constitution and the fourteenth amendment to the United States Constitution. We first analyze the petitioners' argument under our State Constitution, referring to federal cases merely to aid in our analysis. *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1984). Because the Federal Constitution provides no greater protection in this area, we need not undertake a separate federal constitutional analysis. *Petition of Grimm*, 138 N.H. 42, 49, 635 A.2d 456, 461 (1993); *see Valenzuela-Gonzalez v. U.S. D.C. for D. of Arizona*, 915 F.2d 1276, 1280 (9th Cir. 1990) (decided under federal rules of criminal procedure).

"In determining whether the challenged procedures satisfy the due process requirement, we employ a two-part analysis. First, we determine whether the challenged procedures concern a legally protected interest. Second, we determine whether the procedures afford the requisite safeguards." *Petition of Bagley*, 128 N.H. 275, 282-83, 513 A.2d 331, 337 (1986).

That arraignment and bail hearings concern a legally protected interest is well settled. *See Poulicakos*, 131 N.H. at 712, 559 A.2d at 1343. Hence we turn to a review of the requisite safeguards, focusing our inquiry upon

(1) the private interest affected by the official action;

(2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and

(3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.

*Bagley*, 128 N.H. at 285, 513 A.2d at 338-39.

The first factor concerns the potential deprivation of liberty. The petitioners here have a substantial interest in having bail set at a reasonable level and thus, possibly, remaining free pending trial. *Poulicakos*, 131 N.H. at 713, 559 A.2d at 1343.

We disagree with the petitioners, however, that the videoconference procedure poses a greater risk of erroneous deprivation of that liberty. Although Dr. Davidoff offered his opinion that the teleconferencing procedure would adversely bias a judge's opinion of a defendant, he testified that he had never seen a tape of a video bail hearing, that none of the articles to which he referred related directly to the issue, and that he had never spoken with either a judge or a defendant who had participated in such a hearing. In response to a query by the court, Dr. Davidoff admitted that he could not reconcile his testimony with the fact that some defendants whose bail was set using video teleconferencing were apparently not subject to judicial bias, because the court set bail at a figure that they could meet. No evidence was offered to suggest that judges set bail at a higher amount for defendants who were arraigned by the video procedures than by in-person procedures. Similarly, Attorney Smith testified that he had no knowledge of how the video bail hearings were currently being conducted at the Nashua Police Station because he had not "done any of the video arraignments for a while and there [was] probably new equipment."

Finally, the State has a substantial interest in conducting arraignment and bail hearings through video teleconferencing. At the hearing on the petitions for writ of habeas corpus, the State made an offer of proof that the teleconferencing procedure saved the State thousands of dollars in transportation and security fees. Additionally, the more secure environment of the detention facility decreases the likelihood of violence during the proceeding.

After considering the three *Bagley* factors, we conclude that the petitioners have not established that the teleconferencing procedure employed here violated due process. As the trial court noted, the petitioners offered no evidence that the results of their arraignments and bail hearings would have been any more favorable if they had been conducted at the district court rather than by teleconference.

*Affirmed.*

All concurred.