UNITED STATES of America

v.

**Michael Joseph DERROW.**

No. 9:98–CR–6–9.

United States District Court,
E.D. Texas,
Lufkin Division.

July 1, 1998.

John Malcolm Bales, Assistant U.S. Attorney, Lufkin, TX, for Government.

Kent A. Schaffer, Houston, TX, for Defendant.

### MEMORANDUM OPINION

COBB, District Judge.

On May 11, 1998, Michael Joseph Derrow, Defendant, was ordered detained without bond by the Honorable Mary Milloy, Magistrate–Judge of the Southern District of Texas, after the defendant's arrest in Houston, Texas, on one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack co-

caine), and one count of possession with intent to distribute 50 grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). Defendant now moves to vacate or amend the detention order pursuant to 18 U.S.C. § 3145(b).

■ When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo*, and makes an independent determination of the proper pretrial detention or conditions for release. *U.S. v. Fortna*, 769 F.2d 243, 249 (5th Cir.1985); *see U.S. v. Baker*, 703 F.Supp. 34 (N.D.Tex.1989) (*de novo* hearing not required).

■ A review of the record indicates that the defendant was indicted in Lufkin, Texas, and arrested in Houston while he was on parole from a state felony offense, or on bond for a 1995 state charge, or possibly both. Although a number of relatives and neighbors testified for the defendant before Judge Milloy, it appears that none of them knew of any confirmed employment of the defendant. In addition, the defendant lives with a girlfriend at times, with his mother at times, and "stays" often next door to his mother's house with a neighbor. All of them testified he doesn't use drugs. They do not say how they "know" this, but they "just know."

Judge Milloy found that the defendant was not a flight risk, even though his possible punishment on each of the two counts of the indictment is from ten years to life imprisonment, she refused to find risk of flight on the record before her, but she stated:

> I find that there is no condition or combination of conditions that I could set and that you would follow that would reasonably assure the safety of the community pending trial on this matter. For that reason, you are being remanded to the custody of the Attorney General.

This court finds no basis for revocation or amendment of the magistrate-judge's order.

■ The very nature of drug offenses constitutes a danger to the community which may justify pretrial detention. *U.S. v. Royal*, 759 F.Supp. 1238 (E.D.Tex.1990). Furthermore, as the indictment establishes probable cause to believe that the defendant has committed the offenses with which he is charged, there is a statutory presumption that the defendant should be detained. 18 U.S.C. § 3142(e). The statutory presumption carries great weight, *U.S. v. Fortna*, *supra*, and has not been rebutted here.

Given the above, the court concludes from clear and convincing evidence that the defendant would be a danger to the community if released. The court further concludes that there is no condition, or combination of conditions, on which the defendant could be released which would assure that he would not pose a danger to the community.

It is therefore,

ORDERED that defendant's motion for revocation of detention order and to set conditions of release is DENIED and OVERRULED, the order of detention entered by Magistrate Judge Mary Milloy in the Southern District of Texas is AFFIRMED, and the defendant, Michael Joseph Derrow, be detained without bond.