**UNITED STATES of America,
Plaintiff,**

**v.**

**Robert Charles KYLE, Defendant.**

**No. Crim.A. SA–98–CR–475.**

United States District Court,
W.D. Texas,
San Antonio Division.

Jan. 22, 1999.

Michael W. McCrum, Assistant United States Attorney, San Antonio, TX, for USA.

John Convery, Attorney at Law, San Antonio, TX, for defendant.

### ORDER DENYING MOTION FOR REVOCATION AND AMENDMENT OF PRETRIAL DETENTION ORDER

ORLANDO L. GARCIA, District Judge.

Before the Court Defendant Robert Charles Kyle's motion to revoke or amend the Magistrate Judge's December 2, 1998 order of detention pending trial, filed December 10, 1998. In general, Defendant argues that the Magistrate Judge erred in concluding that Defendant must be detained because no conditions or combination of conditions could assure that Defendant would not present a danger to others. He urges the Court to conduct a *de novo* hearing on the issue of pretrial release. The Government ardently opposes the mo-

tion, arguing that Defendant presents a clear danger to the safety of others, particularly his ex-wife and children. For the reasons explained below, the Court declines to hold a new evidentiary hearing and, upon complete review of the evidence before the Magistrate Judge, concludes that the detention order should not be revoked or amended.

 The Court's review of the Magistrate Judge's detention order is governed by 18 U.S.C. § 3145(b). That subsection provides for prompt review of a detention order issued by a Magistrate Judge. In reviewing such an order, the Court gives no deference to the Magistrate Judge's factual findings, but reviews them *de novo*. *See United States v. Fortna*, 769 F.2d 243, 249 (5th Cir.1985); *United States v. Derrow*, 6 F.Supp.2d 615, 615 (E.D.Tex.1998). But while the Court adheres to a plenary standard of review, such a standard does not mandate a completely new evidentiary hearing.[1] *See United States v. Bergner*, 800 F.Supp. 659, 661 (N.D.Ind.1992); *United States v. Baker*, 703 F.Supp. 34, 36 (N.D.Tex.1989). The Court is entitled to rely on the evidence introduced before the Magistrate Judge, and does so here.

 Under 18 U.S.C. § 3142(f)(2), the Government must prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Clear and convincing evidence has been defined as "evidence which 'produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.'" *Cruzan ex rel Cruzan v. Director, Mo. Dept. of Health*, 497 U.S. 261, 285 n. 11, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990); *see also Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir.1995). The Government has easily met that burden here.[2]

At the November 24, 1998 detention hearing, Boerne police officer Forshee testified in detail as to Defendant's demeanor and conduct on the night of his arrest. Forshee referred to his contact with Defendant as one of the most "intense" experiences he had had as a police officer from the perspective of officer safety and the safety of a third person, referring to the young child (Lana Rae Kyle) that Defendant was holding as Forshee arrived. Forshee related that Defendant repeatedly refused to release the child and more than once specifically threatened to kill the officer. Credible, corroborated evidence indicates that, immediately before Forshee's arrival, Defendant had held a loaded pistol to his ex-wife's head and had threatened to shoot her and her seven-year-old son seated in the back seat. At one point during

---

1. Although 18 U.S.C. § 3142(f)(2) permits the Magistrate Judge, or this Court on review, to reopen a detention hearing upon a finding that "information exists that was not known to the movant at the time of the [original] hearing and that has a material bearing on the issue" of safety to the community, *see Bergner*, 800 F.Supp. at 661, the Court finds that Defendant has not presented evidence of that character here.

2. Defendant has raised several additional issues that have no bearing on whether the Magistrate Judge's detention order was entered in error. Most notably, he argues that his failure to have actual notice of the prohibition of 18 U.S.C. § 922(g)(8) somehow affects "the propriety of detention" in this case.

(*See* Mot. at 5.) The Court could not disagree more. Whether Defendant knew that, under federal law, he should not have had a loaded revolver in his possession when he threatened his family at the laundromat not only has no relevance to the issue of his future dangerousness for the purposes of pretrial detention, it does not even bear on the ultimate constitutionality of § 922(g)(8) or his guilt or innocence in the case. *See United States v. Wilson*, 159 F.3d 280, 288–89 (7th Cir.1998) (rejecting Defendant's arguments that § 922(g)(8) unconstitutional under due process clause because he received no warning that his possession of a firearm could lead to federal prosecution and that his ignorance of the law was a defense to liability).

the exchange with his ex-wife, Defendant held both the child and the fully-loaded pistol, which he then placed in the front seat of his vehicle. After Forshee and the other officers arrived, one officer noted that Defendant was holding the child's neck so tightly he was concerned that Defendant was hurting her and instructed Defendant to loosen his grip. The Government additionally proffered evidence that this altercation was only one of a number of incidents in which Defendant had physically threatened or assaulted his ex-wife, incidents which had become more frequent over the past several months. That such events had occurred is further corroborated by the recitations in the protective order entered by the Kendall County court.

While Defendant did proffer evidence of his good character, support from family and friends and standing in the community, the problem in this case, as the Magistrate Judge recognized, is that the conditions under which Defendant would be released, at least with respect to ensuring the safety of his children and ex-wife, would be essentially be the same as those already imposed by the state court that Defendant so boldly ignored. Defendant, as reflected in the state court record, has committed family violence on more than one instance. Thus, the incident leading to his arrest in this case was not an aberration. The Court is entitled to view Defendant's past conduct in failing to comply with court directives as a

strong indicator of what his future conduct will be.

Furthermore, the Court is not persuaded by Defendant's argument that "the estranged couple had routinely ignored or mutually violated the terms of the same protective order during their pending divorce," (Mot. at 4), and his contention that the protective order included "terms that permit the parties to agree to ignore it at will," (*id.*). The only flexibility the protective order contains is a provision allowing the parties to agree in writing to a modification of Defendant's visitation of Lana Rae Kyle. (Prot.Ord., Sched. A at 1.) The order simply does not allow Defendant to ignore the order's clear prohibition that he refrain from threatening or harassing his family members, which certainly would include placing a gun against his ex-wife's head and threatening to kill her. Likewise, the Court does not view Defendant's statement that he held on to his child when confronted by police on November 15 only to protect himself from the threat that police would beat him as any sort of rational justification for his behavior, (*see* Mot. at 8), but rather another example of Defendant's willingness to put his personal interests above those of his family even at the expense of their safety. In sum, the Court is entirely confident that the Magistrate Judge did not err in finding that Defendant must be detained pending trial because no condition or combination of conditions could ensure that he would not present a danger to others.[3]

**3.** Defendant correctly points out that the Magistrate Judge erred in indicating in Part IA of her order that she found probable cause to believe that Defendant had committed an offense under 18 U.S.C. § 924(c), which would have created a rebuttable presumption that Defendant should be detained pending trial. *See* 18 U.S.C. 3142(e). Nevertheless, her findings in Part II make clear that she correctly placed the burden on the Government to show by clear and convincing evidence that Defendant presented a danger to the community. Thus, this error was harmless.

The Court disagrees, however, with Defendant's further argument that he is not

charged with a crime of violence. (*See* Mot. at 5.) While neither of the possessory crimes with which Defendant is charged on their face meet the definition of "crime of violence" contained in *see* 18 U.S.C. § 16, the Fifth Circuit has held that, in the context of pretrial detention, "it is not necessary that the *charged offense* be a crime of violence; only that the *case involve* a crime of violence," so long as there is proof of a nexus between the violent conduct and the non-violent charged offense. *United States v. Byrd*, 969 F.2d 106, 110 (5th Cir.1992); *see also Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir.1997) (reiterating *Byrd*'s holding that "an act of violence reasonably connected to the specific offense charged could establish a crime of violence

IT IS ORDERED THAT Defendant Robert Charles Kyle's motion for revocation or amendment of pretrial detention order, filed December 10, 1998, is DENIED.

for purposes of denying [pretrial] release"), *cert. denied,* —— U.S. ——, 118 S.Ct. 1679, 140 L.Ed.2d 817 (1998). That nexus is present in this case.