**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Brian SZOTT, Defendant-Appellant.**

**No. 85–2103.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 3, 1985.

Decided July 18, 1985.

John R. Byrnes, U.S. Atty., Madison, Wis., for plaintiff-appellee.

James J. Ewers, Madison, Wis., for defendant-appellant.

Before BAUER, FLAUM, and EASTERBROOK, Circuit Judges.

PER CURIAM.

■ This appeal from an order setting bail at $1 million in cash contends that the sum of $1 million is excessive. The magistrate and the district court concluded, however, that the sum involved in the offense is $2.6 million (not yet recovered) and that the defendant, a citizen of Canada, has no family ties in the United States and has not resided here for long. In light of the high stakes of the case and the defendant's lack of ties to the community, it was permissible for the magistrate and the district judge to conclude that the risk of flight is substantial and that low bail would not inhibit flight.

The problem is the provision in 18 U.S.C. § 3142(c) that the "judicial officer may not impose a financial condition that results in the pretrial detention of the person." The magistrate conceded that Szott could not "readily" post $1 million; he had filed an affidavit stating that he could not post $1 million at all. The district court, however, concluded that Szott "has presented no evidence to rebut the government's assertion that he may be able to raise substantial funds for bail."

■ The statute does not require that a defendant be able to post the bail "readily." The purpose of bail is not served unless losing the sum would be a deeply-felt hurt to the defendant and his family; the hurt must be so severe that defendant will return for trial rather than flee. This implies that a court must be able to induce a defendant to go to great lengths to raise the funds without violating the condition in § 3142(c) that bail may not be used to deny release altogether.

■ In this court Szott has presented no further affidavit, nothing to supplement his bare say-so that he cannot post the bail, a say-so that the district judge found insufficient. We therefore have no basis on which to disagree with the district court's judgment.

Because we concur in this conclusion, we need not consider the district court's alternative decision, reached sua sponte, that release properly may be denied under 18 U.S.C. § 3142(e). Consideration of an outright denial of release would present this court with difficult issues of first impression, and we think it wise to avoid these issues until they are inescapably presented.

The statute allows a defendant to move for modification of the conditions at any time. If, after making diligent efforts to post the $1 million, Szott cannot do so, he is free to describe these efforts to the magistrate. Then the magistrate may make a factual finding about Szott's ability (or inability) to post the bail, and this will set the stage—if this becomes necessary—for a review of the decision denying release under § 3142(e). For the moment, however, the decision setting bail at $1 million stands.