**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas Edward WESTBROOK,**
**Defendant-Appellant.**

No. 85–4892
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1986.

Robert B. McDuff, Univ. of Mississippi Law School (Court-Appointed), University, Miss., for defendant-appellant.

Thomas W. Dawson, Asst. U.S. Atty., Robert Q. Whitwell, U.S. Atty., Oxford, Miss., for plaintiff-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

JOHNSON, Circuit Judge:

Thomas Westbrook was indicted on charges relating to counterfeiting and firearms possession. After a hearing, the district court ordered Westbrook to be detained pending trial. This Court affirms the decision of the district court but remands for the limited purpose of directing the district court to issue a detention order that complies with 18 U.S.C. § 3142(i).

I. BACKGROUND

On October 23, 1985, Thomas Westbrook was arrested on charges of possessing counterfeit money in violation of 18 U.S.C. § 472 and possessing a firearm while a convicted felon in violation of 18 U.S.C.App.

§ 1202(a).[1] The presiding magistrate initially determined that Westbrook would be required to post a $25,000 secured bond as a condition for pretrial release. Following a bond hearing on October 31, 1985, however, the magistrate agreed to reduce the required bond to a $15,000 secured bond. In reducing the bond, the magistrate denied Westbrook's motion to further reduce the bond to unsecured status.

Unable to meet the secured bond requirement, Westbrook again requested the magistrate to reduce the bond to unsecured status. On November 20, 1985, the magistrate denied Westbrook's request finding that "releasing the defendant on personal recognizance or unsecured bond will not reasonably assure the appearance of the defendant as required and will endanger the safety of the community...."

Westbrook then filed a motion in the district court requesting a hearing de novo before the district judge to reconsider the magistrate's order. The district court granted this motion and held the requested hearing. After the hearing, the district court issued an order concluding that under the Bail Reform Act of 1984, 18 U.S.C. § 3142, pretrial detention of Westbrook was appropriate. The district court found that Westbrook was unable to post a secured bond but also found that no other condition or combination of conditions enumerated in 18 U.S.C. § 3142(c) would reasonably assure Westbrook's appearance for trial. Westbrook appeals.[2]

## II. DISCUSSION

The Bail Reform Act of 1984 (BRA) provides judicial officers with four options in determining whether to release or detain an accused pending trial. Under 18 U.S.C. § 3142(a), an accused shall be:

(1) released on his personal recognizance or upon execution of an unsecured appearance bond, pursuant to the provisions of subsection (b);

(2) released on a condition or combination of conditions pursuant to the provisions of subsection (c);

(3) temporarily detained to permit revocation of conditional release, deportation, or exclusion pursuant to the provisions of subsection (d); or

(4) detained pursuant to the provisions of subsection (e).

The BRA requires that an accused be released on personal recognizance or unsecured bond unless "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the judicial officer determines that neither release on personal recognizance nor release on an unsecured bond is sufficient to secure an accused's appearance for trial, then the officer may order necessary conditions for release. 18 U.S.C. § 3142(c). An accused may be detained pending trial only if, after a hearing, the judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e).

Westbrook correctly asserts that under section 3142(c) of the BRA, the district court could not detain Westbrook based solely on his inability to post a secured bond. Section 3142(c) expressly states that "[t]he judicial officer may not impose a financial condition that results in the pretrial detention of the person."[3] *See Unit-*

---

1. On November 14, 1985, a federal grand jury issued a nine-count indictment charging Westbrook with: (1) conspiring to possess and use counterfeit money; (2) several counts of actually possessing and using counterfeit money; (3) illegally purchasing a rifle with counterfeit money; and (4) unlawfully possessing a handgun while a convicted felon.

2. Westbrook's trial is scheduled for January 21, 1986.

3. By prohibiting a judicial officer from imposing a financial condition that results in pretrial detention, the BRA eliminates the practice of de facto preventative detention. Prior to adoption of the 1984 BRA, judicial officers could prevent the pretrial release of individuals by imposing exorbitant financial conditions for release. Few procedural safeguards regulated this practice. The 1984 BRA eliminates de facto preventative detention while at the same time establishing *de jure* preventative detention regulated by both procedural and substantive safeguards. *See*

ed States v. Szott, 768 F.2d 159 (7th Cir. 1985); United States v. Orta, 760 F.2d 887, 890 n. 22 (8th Cir.1985) (en banc).

However, Westbrook was not detained based solely on his inability to post a secured bond. Rather, Westbrook was detained only after the district court determined that no *available* condition for pretrial release would reasonably assure Westbrook's appearance at trial. Following a detention hearing conducted pursuant to section 3142(f), the district court, in reviewing the magistrate's bond determination, issued a detention order that stated:

> This cause came before the court on the motion of the defendant for reduction of bond, which bond amount is alleged to be excessive. After due consideration of the factors listed in 18 U.S.C. § 3142(g), and the court finding that the defendant is unable to make a secured bond and that release on personal recognizance or unsecured appearance bond is not appropriate, 18 U.S.C. § 3142(b), and the court further finding that there are no conditions or combination of conditions enumerated in 18 U.S.C. § 3142(c), which will reasonably assure the appearance of the defendant, the court determines that pre-trial detention of the defendant is appropriate.

The order indicates that Westbrook was detained only after a detention determination by the district court pursuant to 18 U.S.C. § 3142(e).

Westbrook raises several challenges to the district court's detention order. First, Westbrook contends that given the magistrate's original determination that a secured bond was an adequate condition for release, the district court could not properly find that *no* condition or set of conditions under section 3142(c) would reason-

ably assure Westbrook's appearance. To the extent that the district court order reflects agreement with the magistrate's determination that a secured bond would be an adequate condition for release,[4] Westbrook is correct that "but for" his inability to post a secured bond he would be released pending trial.

▇ Section 3142(c) does not, however, necessarily require the release of a person who proves to be unable to meet a financial condition of release. If, for example, a judicial authority determines that a monetary secured bond is the only means short of detention of assuring the appearance of an accused but the accused later establishes that he cannot meet the bond, the judicial officer may consider reducing the bond. If upon reconsideration, the officer concludes that the bond is necessary to assure appearance, then it is apparent that no *available* condition of release will assure the accused's appearance. In that instance, the judicial authority could proceed with a detention hearing and, subject to the requisite findings, issue a detention order. *See* S.Rep. No. 98–225, 98th Cong., 1st Sess. 6–7, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3189. Thus, Westbrook's contention that the magistrate's decision to condition Westbrook's pretrial release on the posting of a secured bond necessarily bars the district court's later detention order is without merit.

▇ In the alternative, Westbrook asserts that the evidence produced in hearings conducted before the magistrate and the district court was insufficient to sustain a detention order. To order detention based on the lack of a condition adequate to assure an accused's appearance for tri-

S.Rep. No. 98–225, 98th Cong., 1st Sess. 6–7, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3188–3189.

**4.** When the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention or release order, the court acts de novo and makes an independent determination of the proper pretrial detention or conditions for release. Our review

in the instant case is of the district court's detention order—not any order issued by the magistrate. The district court has never determined that a secured monetary bond is adequate to reasonably assure Westbrook's appearance at trial. Rather, the district court has determined that no condition or set of conditions under section 3142(c) will adequately assure Westbrook's appearance.

al,[5] the judicial officer must determine that it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance.[6] *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir.1985). Under section 3142(g), the judicial officer should consider various factors in determining the necessity of pretrial detention. These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the accused; (3) the history and characteristics of the accused; and (4) the seriousness of danger to the community.

■ In making a pretrial detention determination, a judicial officer must bear in mind that "passage of the pretrial detention provision of the 1984 Act did not ... signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial." *United States v. Orta*, 760 F.2d 887, 890 (8th Cir.1985) (en banc). Rather, Congress was demonstrating its concern about a small but identifiable group of individuals as to whom pretrial release is inappropriate. S.Rep. No. 225, 98th Cong., 1st Sess. 6–7, *reprinted in* 1984 Code Cong. & Ad.News at 3189.

■ Once the district court has determined that pretrial detention is necessary, this Court's review is limited. The order of the district court is to be sustained "if it is supported by the proceedings below."[7] *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir.1985).

■ Given our limited review, this Court concludes that in the instant case the district court's detention order is adequately supported by the evidence. Westbrook has

three prior felony convictions, including two for burglary and one for theft of property. At the time of his arrest on October 23, Westbrook was on supervised probation from Edinburg, Texas. Courtesy probation supervision was being locally provided by the Department of Corrections in Clarksdale, Mississippi.

Although Westbrook has never jumped bond or failed to appear in any of his previous criminal cases, he had recently failed to report to his probation officer in Mississippi. At the time of Westbrook's arrest his whereabouts were unknown to his probation officer. Moreover, Westbrook had recently left Mississippi and traveled to Indiana without the necessary knowledge and consent of the probation officer in Mississippi.

The charges pending against Westbrook in the instant case are serious indeed. Westbrook has been indicted on nine counts of conspiracy to possess and pass counterfeit United States currency, possession and passing of counterfeit United States currency on several occasions, and firearms violations. The total potential fines and incarceration as a result of the indictment exposes Westbrook to a total of seventy-eight years imprisonment and $50,000 in fines.

Westbrook has limited local connections in Mississippi. Westbrook was unemployed at the time of his arrest and had no fixed place of residence, having recently moved from Texas to Indiana and finally to Mississippi. Under these circumstances, the district court could have determined that no condition or set of conditions permissibly imposed under section 3142(c) would have

---

5. Such a finding, if adequately supported, suffices to warrant pretrial detention without bond, without regard to whether the accused poses a safety threat to any other person or the community. *See United States v. Fortna*, 769 F.2d 243, 249 (5th Cir.1985).

6. In contrast, a detention order based on a finding that no release condition or set of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

7. Courts in other circuits have not agreed on the appropriate standard of review. For example, the Third and Sixth Circuits have conducted de novo review of district courts' ultimate findings regarding conditions necessary to assure an accused's appearance. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.1985); *United States v. Delker*, 757 F.2d 1390, 1399 (3d Cir. 1985). On the other hand, the Second Circuit has applied a clearly erroneous standard of review. *See United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir.1985).

reasonably assured Westbrook's appearance.[8]

Section 3142(i) of the BRA requires a judicial officer in issuing a detention order to:

> (1) include written findings of fact and a written statement of the reasons for the detention;

> (2) direct that the person be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

> (3) direct that the person be afforded reasonable opportunity for private consultation with his counsel; and

> (4) direct that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the person is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding.

This provision of the BRA is unambiguous in its terms and the procedural safeguards incorporated into the BRA must be strictly applied. The detention order issued by the district court in the instant case fails to satisfy the strict procedural requirements contained in section 3142(i).[9] Thus, this case is remanded to the district court for prompt issuance of an order in compliance with the terms of the statute.

REMANDED.

---

8. Westbrook's other contentions raise no substantial argument.

9. The district court's detention order specifies that release on unsecured bond is not appropriate and that no condition or combination of conditions will reasonably assure Westbrook's appearance. However, the order does not specify, as required by 18 U.S.C. § 3142(i), the district court's factual findings supporting its ultimate conclusions requiring detention.