Before KENNEDY, GILMAN, and GIBBONS, Circuit Judges.

**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Mark ARHEBAMEN, also known**
**as McMaine Allen O'Georgia,**
**Defendant–Appellant.**

**No. 03–1482.**

United States Court of Appeals,
Sixth Circuit.

July 2, 2003.

*ORDER*

The defendant, acting pro se, filed a notice of appeal from an order that in part denied his motion to revoke an order that he be detained pending trial. His counsel has filed a brief on his behalf. Additionally, the defendant has filed pro se motions for his immediate release. This panel unanimously agrees that the decisional process would not be significantly aided by oral argument. Fed. R.App. P. 34(a)(2)(C).

In the pending proceedings, the defendant is charged in a five-count indictment with failure to appear for sentencing in a prior criminal case, making a false claim of citizenship, obstruction, and two counts of making false statements. A magistrate judge conducted a detention hearing and

concluded that the defendant was a substantial flight risk. He relied upon the defendant's history of fraudulent offenses, including an offense of failing to make an appearance while on bond. The district court affirmed that holding after conducting a second hearing and concluded that there is a significant risk that the defendant would fail to appear for future proceedings.

According to the provisions of 18 U.S.C. § 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: the nature and circumstances of the offense charged; the weight of the evidence against the person; and the nature and seriousness of the danger posed by the defendant's release. A finding of fact in support of pretrial detention shall not be disturbed on appeal unless clearly erroneous. *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985). Having reviewed the briefs of the parties, the appendix, including transcripts of both hearings before the magistrate judge and the district judge, and the defendant's pro se motions, we conclude that there is a risk of nonappearance if the defendant is released pending these proceedings. Such a conclusion is based on the evidence of prior failure to appear, as well as the incentive to do so presented by this case and the defendant's pending immigration proceedings.

Therefore, the district court's order denying the defendant's motion to revoke the detention order is **AFFIRMED.**