### UNITED STATES of America, Plaintiff,

v.

### D–1 Iftikhar SHARIF, D–2 Kanandran Krishnan, Defendant.

### No. CIV. 04–80137.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 3, 2004.

Peter E. Deegan, U.S. Attorney's Office, Detroit, MI, for Plaintiff.

Richard J. Amberg, Jr., (For Def. Sharif), Keego Harbor, MI, Robert E. Kaplovitz, (For Def. Krishnan), Sylvan Lake, for Defendants.

## AMENDED OPINION AND ORDER

FEIKENS, District Judge.

Defendants have filed three motions with this Court. These motions include:

(1) a motion for admission to bond, (2) a motion to dismiss and (3) a motion to exclude evidence. The government opposes all three motions. For the reasons below I reach the following conclusions:

- I DENY Defendants' motion for admission to bond;
- I DENY Defendants' motion to dismiss for violation of the speedy trial act provision or violation of the confrontation clause; and
- I DENY Defendants' motion to exclude evidence.

## I.  FACTUAL BACKGROUND

On February 10, 2004, Defendants, Iftikhar Hussain Sharif ("Sharif") and Kanandran Krishnan ("Krishnan") were arrested and charged with the crime of attempting to bring aliens into the United States for the purpose of private financial gain. (Def. Sharif's Mot. for Admis. to Bond ¶ 2); (Def. Krishnan's Mot. for Admis. to Bond ¶ 2.) On February 11, 2004, Defendants appeared before a Federal–Magistrate Judge for an initial appearance and the Magistrate decided to temporarily detain them. (Def. Sharif's Mot. for Admis. to Bond ¶ 3); (Def. Krishnan's Mot. for Admis. to Bond ¶ 3.) On February 12, 2004, a detention hearing was held and defendant Sharif was granted bond. (Def. Sharif's Mot. for Admis. to Bond ¶ 4). At defendant Krishnan's detention hearing the court decided to detain him without bond. (Def. Krishnan's Mot. for Admis. to Bond ¶ 4.) The government appealed the bond order regarding defendant Sharif. (Def. Sharif's Mot. for Admis. to Bond ¶ 4.) On February 13, 2004, Judge Steeh granted the government's appeal and ordered that the government detain defendant Sharif. *Id.*

On February 17, 2004, the government deposed three witnesses regarding the Defendants' complicity in the criminal charge. (Def.s' Mot. to Dismiss ¶ 4.) These witnesses were Jamshaid Iqbal ("Iqbal") (a.k.a."Bhati"), Nasib Narsinga ("Narsinga") and Surender Singh ("Singh"). After the depositions were taken the government allegedly obtained an order dismissing the material witnesses, this had the effect of causing Narsinga and Singh to be deported. *Id.* at ¶ 5. Iqbal was not deported and the government transferred Iqbal to New York to face a violation of probation. *Id.* at ¶ 5.

On February 18, 2004, a grand jury indicted Defendants. (Indictment.) The indictment charges Defendants with four counts. *Id.* Count one charges Defendants with conspiracy to bring an alien to the United States for commercial advantage and private financial gain. *Id.* at 1–2. Counts Two through Four charge Defendants with aiding and abetting bringing an alien to the United States for commercial advantage and private financial gain. *Id.* at 3.

Defendant Sharif claims that during the period in which he has been incarcerated his weight has decreased by over 30 pounds, because the sheriff's deputies will not provide Sharif with a meal consistent with a Halal diet. (Def. Sharif's Mot. for Admis. to Bond at at 3.) Sharif claims that he has contracted tuberculosis during his stay at the Wayne County Jail, as well as developed kidney problems and high cholesterol. *Id.* at 4–5. Additionally, Sharif claims that he is unable to support his family. *Id.*

On October 13, 2004, this Court decided to hold Iqbal as a material witness until trial or until he submits a written motion to this Court asking that he be deposed as opposed to detained.

## II.  ANALYSIS

### A.  *Motion for Admission to Bond*

█ Criminal Procedure Rule 46 sets forth the rules for releasing a party from

government custody. Fed.R.Crim.P. 46. Rule 46 instructs that 18 U.S.C. §§ 3142 and 3144 govern pretrial release. Fed. R.Crim.P. 46(a). Section 3142(e) states:

> If, after a [detention hearing], the judicial officer finds that no condition or combination of conditions will [1] reasonably assure the appearance of the person as required and [2] the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

18 U.S.C. § 3142(e). A court must conclude that clear and convincing evidence is present to support a defendant's dangerousness. 18 U.S.C. § 3142(f). However, to conclude that a defendant poses a risk of nonappearance a court must determine that a preponderance of evidence is present. *U.S. v. Baker,* 703 F.Supp. 34, 36 (N.D.Tex.1989); *citing U.S. v. Westbrook,* 780 F.2d 1185, 1189 (5th Cir.1986).

Section 3142(g) lists the factors that a court should consider to determine whether adequate conditions for release are present:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including-
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). A court's "finding of fact in support of pretrial detention shall not be disturbed on appeal unless clearly erroneous." *U.S. v. Arhebamen,* 69 Fed. Appx. 683, 684 (6th Cir.2003); *citing U.S. v. Hazime,* 762 F.2d 34 (6th Cir.1985).

The government claims that Defendants pose a risk of non-appearance. (Gov't Resp. to Mot. for Admis. to Bond at 2.) The prosecution argues that Defendants face a 5-year jail term if convicted. *Id.* Additionally, as Canadian citizens, they would be immediately deported to Canada if released. *Id.* The government explains that once the Defendants are in Canada this Court would be powerless to compel their appearance because the Defendants would not be subject to extradition. *Id.*

Defendants contest the government's claim that they pose a risk of non-appearance. Defendants claim that the government has not established any presumption that the Defendants are dangerous pursuant to 18 U.S.C. § 3142(e). (Def. Sharif's Br. in Supp. of Mot. for Admis. to Bond at 10.) Defendants also claim that racism and xenophobia motivate the Government's position. *Id.* at 11.

Additionally, Defendant Sharif claims that the Defendant's character, family ties, residence and special circumstances should move this court to find against detaining the Defendants. Specifically, the Defendant Sharif claims that his health has deteriorated since the government placed in him incarceration. *Id.* at 8. Defendant Sharif also claims that based upon his "background in having employment, having a family, and having a Canadian citi-

zenship..." this Court should release Defendant Sharif. *Id.* at 9.

The government's argument for Sharif's detention rests on the premise that Defendants pose a risk of non-appearance. (Gov't Resp. to Def.s' Mot. for Admis. to Bond at 2.) Therefore, Defendants inappropriately argue that the government failed to establish a presumption of dangerousness. Defendants's other argument that racism and xenophobia motivate the government's action is unsupported. Defendant states, "Yet, to 'punish' the Defendant by detaining him because he is a non-resident alien born of Indian descent, and currently a Canadian citizen smacks of racism and xenophobia." *Id.* at 11. However, Defendants do not explain why they believe racism or xenophobia are the motivation behind the government's request that Defendants remain detained.

Defendants request that this Court grant Defendants bond, even though Defendants will likely return to their homes in Canada. If Defendants return to Canada they admit this Court would be powerless to compel Defendants to return to this Court because the United States does not have an extradition treaty with Canada. However, Defendants argue that this Court should not weigh the lack of an extradition treaty between the United States and Canada against granting bond to a defendant. Defendants direct this court to *U.S. v. Xulam* to support their argument. 84 F.3d 441 (D.C.Cir.1996).

Defendant's reliance on *Xulam* is inappropriate. In *Xulam* the Supreme Court decided to revoke a district court's detention order. 84 F.3d at 441. However, the defendant faced persecution in his native country and that defendant did not want to return to his home.[1] *Id.* at 442. Therefore, the court did not even speak about extradition or whether an extradition treaty should have any affect on a court's bond determination when a defendant asks to return to a home that is located in a foreign nation.

In *U.S. v. Jalbert* the court did not detain a defendant who was a foreign national. 231 F.Supp.2d. 359 (D.Me.2002). In that case, despite the defendant's status as a Canadian citizen, the court permitted the defendant to leave the jurisdiction of the United States and return to a Canadian residence. *Id.* at 362. However, that court stated that there were "unique circumstances" weighing in favor of releasing the defendant and stressed that release should only be granted under appropriate conditions. *Id.* at 362 (these conditions included: spending more time in jail than the sentence offered for a guilty plea, posting a $5,000.00 bond, and a lessened likelihood of conviction.)

Defendants, unlike the defendant in *Jalbert*, fail to demonstrate "unique circumstances" weighing in favor of releasing Defendants. Therefore, I DENY Defendants

---

1. The *Xulam* case differs from Defendants' situation in other aspects. 84 F.3d 441 (D.C.Cir.1996). The defendant, a human rights worker, in *Xulam* had lived in Washington D.C. for three years leading up to his arrest "and was a well-known and admired member of the national human rights community." *Id.* at 441. The defendant faced a maximum six month sentence and possible deportation. *Id.* at 441. The defendant provided commitments from witnesses (including a nun and the wife of an eight-term Congress-man) that they would ensure the defendant would abide by the court's conditions. *Id.* at 443.

Defendants, unlike the defendant in *Xulam*, do not have any connection to the local metropolitan area. Defendants face a maximum five year sentence and deportation. (Gov't Resp. to Mot. for Admis. to Bond at 2.) Furthermore, Defendants offer no witnesses that would ensure the Defendants would return to this country.

Sharif and Krishnan's motion for admission to bond.

### B. Motion to Dismiss for Violation of the Speedy Trial Act Provision

Defendants request that this Court dismiss the indictment. Defendants argue that this case should be dismissed for two reasons: (1) The government failed to grant Defendants a thirty day preparation period prior to trial in violation of 18 U.S.C. § 3161(c)(2) (the "Speedy Trial Act"); and (2) The government released and deported the material witnesses in violation of the confrontation clause.[2] (Def.s' Mot. to Dismiss, 1.)

### 1. Speedy Trial Act Violation

■ Defendants claim that the government, in violation of the Speedy Trial Act, deposed Narsinga and Singh and then released and deported those witnesses. *Id.* at 2. Specifically, Defendants state that the government deposed three illegal aliens within one week of Defendants' arrest and five days after Defendants' arraignment. *Id.* at 3.

The Speedy Trial Act states in part that "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2).

Defendant claims that the government's actions violate the Speedy Trial Act because thirty days should have passed after the initial appearance before the prosecution deposed the witnesses. (Def.s' Br. in Supp. of Mot. to Dismiss, 21.) Furthermore, the Defendants contend that the

government's actions are so egregious as to warrant that this Court dismiss the government's claim. *Id.* at 24. Defendants argue that dismissal with prejudice is warranted because: (1) the government has not charged Defendants with a serious offense; (2) the government acted to gain a tactical advantage over Defendants; and (3) the government would not receive an effective reprimand if this Court were to dismiss the government's case without prejudice. *Id.* at 24–26.

Defendants' claim that this Court should dismiss the government's claims based on a violation of the Speedy Trial Act is not proper. The Speedy Trial Act prohibits a "trial" from commencing thirty days from after the initial appearance, however, Defendants offer no support for the contention that a deposition is also governed by the same thirty day time period.

On the contrary, the Ninth Circuit held that depositions are not the same as a "trial" as that term is used in the Rules of Criminal Procedure Rule 15. *U.S. v. Hayes*, 231 F.3d 663, 673 (9th Cir.2000). That court stated, "Although Rule 15 depositions are 'for use at trial,' and contemplate the 'defendant's' presence (along with his counsel), examination, cross-examination, production of prior statements, and trial-type limitations on the scope and manner of taking testimony, they are not *the* trial." *Hayes*, 231 F.3d at 673 (emphasis in the original).

Therefore, there is no support for Defendants' claim that the government violated Defendants rights under the Speedy Trial Act. Thus, I DENY Defendants Sharif and Krishnan's motion to dismiss based on a violation of the Speedy Trial Act.

---

**2.** I do not address these issues as they may relate to witness Iqbal because on October 13, 2004, I issued an order detaining witness Iqbal until trial or until Iqbal permits the parties an opportunity to depose him again.

### 2. Confrontation Clause Violation

Defendants claim that the government released and deported material witnesses so that they would not be available to testify at Sharif's and Krishnan's trial. (Def.s' Mot. to Dismiss at 2.) Defendants claim that the government violated the Defendants' Sixth Amendment (fair trial) and Fifth Amendment (due process) rights. *Id.*

Specifically, Defendants claim that Confrontation Clause acts to bar the witnesses out-of-court statements because (1) the government caused the witnesses to be unavailable for trial; and (2) the government did not permit Defendants to have a meaningful opportunity to cross-examine the witnesses. (Def.s' Br. in Supp. of Mot. to Dismiss at 34., *citing Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).)

The government contends that Defendants' objection is improper because The prosecution was entitled to release the witnesses after the prosecution took the deposition. (Gov't Resp.to Mot. for Admis. to Bond at 7.) Additionally, the government claims that its videotaped testimony of the witness is admissible because the witness is unavailable to testify. *Id.* at 8. Furthermore, the prosecution claims that Defendants had an opportunity to cross-examine the witnesses and that Defendants do not explain why Defendants believe that their opportunity to cross-examine the witnesses was ineffective.

### (i). Unavailability of the Witnesses

■ The Supreme Court in *U.S. v. Valenzuela–Bernal* stated that the government is justified in a prompt deportation of illegal alien witnesses upon a good-faith determination that the witnesses possess no evidence favorable to the defendant. 458 U.S. 858, 873, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982). A defendant "cannot establish a violation of his constitutional right to compulsory process merely by showing that deportation of the [witnesses] deprived him of their testimony." *Id.* at 867, 102 S.Ct. 3440. The defendant is required to "make some plausible showing of how their testimony would have been both material and favorable to his defense." *Id.* A court should only impose sanctions for the government's deportation of alien witnesses "if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact." *Id.* at 874, 102 S.Ct. 3440.

Defendants make no effort to describe the material, favorable evidence that the deported witnesses would have provided for their defense. Furthermore, the government appears to have deported Narsinga and Singh in good-faith. Both the Ninth Circuit and Fifth Circuit Court of Appeals held that the government should release a witness once the parties have deposed that witness. *Aguilar–Ayala v. Ruiz*, 973 F.2d 411, 413 (5th Cir.1992); *Torres–Ruiz v. U.S. District Court for the Southern District of California*, 120 F.3d 933, 936 (9th Cir.1997) (overruling the district court's decision to detain a material witness).

Defendants also claim that the government failed to properly depose the material witnesses pursuant to Federal Rule of Criminal Procedure Rule 15. Specifically, Defendants claim that even if the government had a right to depose the material witnesses, the government should have required the witnesses to sign "the deposition transcript." *Id. citing* Fed.R.Crim.P. 15(a)(2). However, the deposed witness need not sign a writing to accompany the filing of any videotaped deposition. Gregory Joseph, Modern Visual Evidence, 2–47 (Law Journal Seminars–Press 2004) (1984). A writing that accompanies the filing of the videotaped deposition

...[S]hould also include the witness's signature identifying the deposition as his own or the statement of the person before whom the deposition was taken that the witness failed to sign the deposition within thirty days, and the certification of that person that the witness was duly sworn and that the deposition is a true record of the testimony given.

*Id. see* Fed.R.Crim.P. 30(e) and (f)(1).

Defendants are unable to demonstrate that the government should not have deposed the material witnesses. Additionally, Defendants cannot show that the government conducted the videotaped depositions improperly. Therefore, Defendants have failed to establish a violation of their Fifth or Sixth Amendment rights.

### (ii). Right to Cross–Examine the Witnesses

■ Defendants claim the government did not permit Defendants to have a meaningful opportunity to cross-examine the witnesses. (Def.s' Br. in Supp. of Mot. to Dismiss at 34, *citing Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).) The prosecution opposes Defendants' claim and states the Defendants did have an opportunity to cross-examine the witnesses. (Gov't Resp. to Mot. for Admis. to Bond at 8.) The government also states that Defendants failed to articulate how the cross-examination was ineffective. *Id.*

Defendants do not contest that they were present at the cross-examination of the material witnesses. Defendants, however, state that cross-examination was ineffective due to Defendants' inadequate counsel (and Defendants argue inadequate assistance of counsel in the alternative). (Def.s' Mot. to Dismiss at 37.) Defendants also claim that the government failed to comply with Federal Rule of Criminal Procedure Rule 15 when taking the material witness depositions. *Id.* at 38, 124 S.Ct. 1354. Furthermore, Defendants allege that the government failed to provide Defendants with impeachment evidence as required under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Id.* at 39, 124 S.Ct. 1354.

The prosecution does not respond to all of the Defendants contentions. The prosecution argues that Defendants obtained the benefit of their cross-examination right when they cross-examined the witnesses. (Gov't Resp. to Mot. for Admis. to Bond at 8.) The government does not address Defendants' other contention that Defendants' cross-examination was ineffective because the prosecution claims that Defendants fail "to allege, substantively, how it was ineffective." *Id.*

#### a. Ineffective Assistance of Counsel

Defendants claim that they did not have an effective cross-examination of the material witnesses (and Defendants argue ineffective assistance of counsel in the alternative). (Def.s' Mot. to Dismiss at 37.)

Defendants argue that they did not have an effective cross-examination because Defendants' counsel: (1) failed to object to the government conducting depositions; (2) failed to object to the government's leading questions; (3) failed to prepare the Defendants for the depositions and failed to speak with the Defendants regarding the witnesses' testimony; (4) failed to conduct proper cross-examination; (5) failed to object when the translator did not translate Defendants statements verbatim; and (6) failed to "motion the Court for relief from the taking of the material witness depositions." (Def.s' Mot. to Dismiss at 16.)

Recently, the Sixth Circuit, in *Bigelow v. Williams*, decided a case regarding an in-

effective assistance of counsel claim. 367 F.3d 562 (6th Cir.2004). The *Bigelow* court stated that a defendant needs to establish two elements to demonstrate a valid claim. *Bigelow,* 367 F.3d at 570. That court stated that a defendant must show: "(1) that his lawyer's performance was deficient and (2) that the deficiency prejudiced the defense." *Id. citing Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Sixth Circuit defined "deficient performance" as performance which

"fell below an objective standard of reasonableness" as measured by "prevailing professional norms." [*Strickland* 466 U.S. at 687–88, 104 S.Ct. 2052] Judicial review of the lawyer's performance must be "highly deferential," and indulge a "strong presumption" that a lawyer's conduct in discharging his duties "falls within the wide range of reasonable professional assistance. . . ." *Id.* at 689, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

*Bigelow,* 367 F.3d at 570. A lawyer who makes reasonable investigations or reasonable decisions fulfills his or her duty and that lawyer's performance will be effective. *Id.*

The Sixth Circuit stated that to establish the prejudice element:

[Defendant] must demonstrate a "reasonable probability" that the result of his trial would have been different but for [his lawyer's] mistakes. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome," *id.,* but something less than a showing that the outcome more likely than not would have been different, *id.* at 693, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

*Bigelow,* 367 F.3d at 570. A court should not focus on whether a defendant established their own innocence, rather whether a defendant's trial was fair and reliable. *Id.*

Defendants have failed to establish an ineffective assistance of counsel claim. All of Defendants claims, except claim number 5, fail to demonstrate that Defendants' counsel's performance was deficient. All of the claims regard the pre-indictment material witness depositions. (Def.s' Mot. to Dismiss at 6.) The Ninth Circuit holds that a defendant's right to counsel does not attach to pre-indictment depositions despite any potential consequences at trial. *U.S. v. Hayes,* 231 F.3d 663, 674 (9th Cir.2000). Defendants' counsel's performance could not have been deficient regarding these claims, because at the pre-indictment stage Defendants' right to counsel did not even attach.

Additionally, Defendants have failed to establish ineffective assistance of counsel on claim number 5. Defendants claim number 5 is that the translator did not translate the Defendants statements verbatim. (Def.s' Mot. to Dismiss at 16.) I believe that this action did not prejudice the Defendants. Defendants could ask a different translator to translate the witnesses answers because the parties videotaped the deposition. The Defendants may still present at trial what they believe are the proper translations to the witnesses' responses. Thus, Defendants have not presented an ineffective assistance of counsel claim.

### b. Compliance with Federal Rule of Criminal Procedure Rule 15

Defendants also claim that they did not have an effective cross-examination of the material witnesses because the government failed to comply with Federal Rule of Criminal Procedure Rule 15. Specifically, Defendants claim that the government: (1) failed to properly notify the

defendants of the depositions; (2) failed to request a hearing to depose the material witnesses; (3) failed to obtain Defendants' waiver of their right to confrontation in open court prior to deposing the material witnesses; (4) asked the witnesses leading questions, and therefore failed to comply with the Federal Rules of Evidence during the examination; (5) failed to fulfill the government's obligation to assist Defendants and adjourn the depositions when the government realized that Defendants were burdened with ineffective counsel; (6) provided Defendant's attorney with the false impression that the depositions could not be adjourned which resulted in Defendant's original counsel withdrawing; and (7) failed to provide *Brady* materials. (Def.s' Mot. to Dismiss at 16.)

In this section I will not address Defendants' claim number 5 because I have already stated in section (a) above that Defendants have failed to show that Defendants' prior counsel provided ineffective assistance. *See supra.* I also do not address Defendants' claim number 7 because I address this contention in section (c) below where I conclude that Defendants have failed to show that the government committed a *Brady* violation. The rest of this section addresses Defendants' claims 1 through 4 and claim 6.

The Ninth Circuit, in *U.S. v. Santos–Pinon*, stated that a defendant who fails to raise an objection prior to the deportation of a witness waives any objection he or she may have in regards to that witness' deposition. 146 F.3d 734, 736–737 (9th Cir. 1998). The *Santos–Pinon*, court stated that:

> [Defendant] waived [his] argument by failing to object to the release of the witnesses to the INS.... Allowing [defendant] to preserve his objection to the release of the witnesses until after they are released would place the govern-

ment in the impossible position of being faced with an objection once it is too late to take any necessary corrective action.... In addition, if the government were forced to hold witnesses to avoid a possible future objection, this action would not only contravene General Order 263, it would also contravene this court's own mandate to release witnesses, even those who will return to a foreign country, absent a showing of "failure of justice." (citation omitted).

146 F.3d at 736–737.

Defendants failed to make any objections regarding Narsinga and Singh's depositions prior to the government's release of the witnesses. Therefore, Defendants waived their objections because they failed to preserve their objections prior to Narsinga and Singh's release. Thus, Defendants have not established that the government violated Federal Rule of Criminal Procedure Rule 15 when the government deposed the material witnesses.

### c. *Brady* Violations

■ Defendants claim that they did not have an effective cross-examination Singh because the government failed to disclose evidence that would impeach Singh's testimony. (Def.s' Mot. to Dismiss at 39.) Singh denied that he had any criminal record, and Defendants allege that an internet site reveals that the government previously charged someone with the name of Surender Singh for immigration violations. *Id.*

Recently, the Sixth Circuit, in *Spirko v. Mitchell,* decided a case regarding the government's failure to turn over exculpatory and impeachment information that would have aided the defense. 368 F.3d 603 (6th Cir.2004). The *Spirko* court stated that the prosecution violates a defendant's due process when the prosecution suppresses evidence in cases where the evidence is

material "either to guilt or to punishment." 368 F.3d at 615; *citing Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The Sixth Circuit, quoting the Supreme Court, stated the elements of a *Brady* violation:

The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Prejudice exists "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

*Spirko*, 368 F.3d at 615.

In *Spirko*, the Sixth Circuit underwent a three step analysis to determine if the prosecution had committed a *Brady* violation. 368 F.3d at 615–617. That court applied the following analysis: (1) first, the court determined whether the prosecution withheld evidence that was favorable to the defendant either as exculpatory or impeaching evidence; (2) then, the court determined whether the government suppressed the evidence; and (3) finally, the court determined whether the government's evidence suppression prejudiced the defendant. *Spirko*, 368 F.3d at 615–17.

The government has not committed a *Brady* violation. Even if the material did impeach Singh and the government suppressed it Defendants cannot show they were prejudiced. A court should ask whether "the government's suppression of the pertinent evidence 'undermine[s] confidence in the outcome of the trial,'" to determine if the government's suppression prejudiced Defendant. *Spirko*, 368 F.3d at 617; *citing Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). In the present case, the trial has not occurred. Defendants may present this impeaching evidence at any potential future trial. Therefore, even if the government tried to suppress favorable evidence from Defendants, Defendants will not be prejudiced. Thus, Defendants have not established that the government has committed a *Brady* violation.

## C. *Motion to Exclude Evidence (Material Witness Depositions)*

Defendants request that this Court exclude the material witness depositions. (Def.s' Mot. to Dismiss at 7.) Defendants claim that (1) the government deposed the witnesses in violation to the Defendants right of confrontation; (2) the government deposed the witnesses in violation of the requirements of Federal Rule of Criminal Procedure Rule 15; (3) the government deposed the witnesses in violation of the Defendants' Speedy Trial Act rights; and (4) the government deposed the witnesses in violation of the Federal Rules of Evidence and the Defendant's "right to a fair trial as guaranteed by the Due Process clause and the right to confrontation." *Id.* at 6–10.

Defendants fail to demonstrate that this Court should exclude the witness depositions. Defendants' first argument fails because the government did not prevent Defendants from receiving the benefits of their right to confrontation. *(See supra* this opinion III.B.2.) Defendants' second argument fails because Defendants failed to object to any violations of Rule 15 prior to the deportation of the witnesses. *(See supra* this opinion III.B.2.ii.b.) Defendants' third argument fails because the Speedy Trial Act does not apply to depositions.

*(See supra* this opinion III.B.1.) Defendants' fourth argument fails because Defendants failed to make any objections before the deportation of the witnesses, and Defendants received the benefits to which they were entitled under the right to confrontation. *(See supra* this opinion III.B.2.ii.b and III.B.2.)

## IV. CONCLUSION

Defendants have filed three motions with this Court and Defendants are unable to demonstrate that any of their motions should be granted. Therefore, I:

- DENY Defendants' motion for admission to bond;
- DENY Defendants' motion to dismiss for violation of the speedy trial act provision or violation of the confrontation clause; and
- DENY Defendants' motion to exclude evidence.

**IT IS SO ORDERED.**