**UNITED STATES of America,
Plaintiff,**

v.

**D–1 Iftikhar SHARIF, D–2 Kanandran
Krishnan, Defendant.**

No. Civ.04–80137.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 11, 2005.

Peter E. Deegan, U.S. Attorney's Office, Detroit, MI, for Plaintiff.

Federal Defender, Federal Defender Office, Detroit, MI, Richard J. Amberg, Jr., Keego Harbor, MI, Thomas W. Jakuc, Thomas Legal Centers, Warren, MI, Ronald E. Kaplovitz, Kaplovitz & Rosin, Syl-

van Lake, MI, Patrick M. Cleary, Bloomfield Hills, MI, for Defendants.

## OPINION AND ORDER

FEIKENS, District Judge.

Defendant Sharif moves to have this Court reconsider the Amended Order and Opinion denying Defendant Sharif's motion for admission to bond, motion to dismiss for violation of the speedy trial act provision or violation of the confrontation clause, and motion to exclude evidence. *United States v. Sharif*, 343 F.Supp.2d 610 (E.D.Mich.2004).

Defendant argues that this Court erred in denying Defendant's prior motion because, among other things, Defendant alleges that this Court based its Amended Order and Opinion of December 3, 2004, on the mistaken premise that "the Court would be powerless to compel Defendants to return to this Court if the Defendants were released on bond because the United States does not have an extradition treaty with Canada[.]"[1] (Def.'s Br. Mot. for Recons. 3–4.) However Defendant Sharif still does not present this Court with an extradition treaty that would apply specifically to Defendant Sharif's case.[2]

Thus, I DENY the motion for reconsideration of my Amended Order and Opinion of December 3, 2004.

**IT IS SO ORDERED.**

---

1. Additionally, Defendant's counsel claims that the Court "erroneously credited the defense counsel with admitting" this fact. (Def.'s Br. Mot. for Recons. 3–4.) This Court re-examined the hearing transcript. This Court asked whether an extradition treaty exists that would apply to Defendant Sharif's situation, Defendant's counsel responded, "[...] perhaps there is some treaty that doesn't deal with bringing in aliens, there are treaties and if the government were that afraid, they could make a treaty with the Canadian government." This Court does not change its position that Defendant's counsel's express statement that the United States government has the potential power to make an extradition treaty with the government of Canada is an admission that the government

does not have an existing extradition treaty with the Canadian government that would apply to Defendant Sharif's situation.

2. Inappropriately, Defendant's counsel provides this Court with a list of over twenty treaties without stating whether any of them apply to this case. (Def.'s Br. Mot. for Recons. App. A at 1–5.) Included in Defendant's extended list of treaties are: the Convention of the Physical Protection of Nuclear Material; the Convention for the Suppression of Unlawful Acts Against the Safety of Maritime Navigation; the Protocol for the Suppression of Unlawful Acts of Violence at Airports Serving International Civil Aviation; and the International Convention Against the Taking of Hostages. *Id.* at App. A at 1–5.