**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

Charles R. Fulbruge III
Clerk

No. 09-10882
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY CHARLES BRUTEYN,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:09-CR-136-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jeffrey Bruteyn appeals the district court's order affirming the magistrate judge's pretrial detention order. The magistrate judge ruled that no condition or combination of conditions can reasonably assure Bruteyn's presence at trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court ruled that the rebuttable presumption of detention set forth in 18 U.S.C. § 3142(e) is applicable and had not been rebutted, that Bruteyn will be a danger to the community if he were released pending trial, and that no condition or combination of conditions can reasonably assure his presence at judicial proceedings.

A judicial officer may order a defendant detained pending trial if the officer finds, by a preponderance of the evidence, that "no condition or combination of conditions will reasonably assure the appearance of the person," or, by clear and convincing evidence, that "no condition of combination of conditions will reasonably assure . . . the safety of any other person and the community." § 3142(e), (f); *see United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). Absent an error of law, we will uphold a district court's pretrial detention order if it is supported by the proceedings in that court. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

The determination of the magistrate judge and the district court that the government had shown by a preponderance of the evidence that no condition or combination of conditions could reasonably assure Bruteyn's presence at judicial proceedings is supported by the record. *See United States v. Westbrook*, 780 F.2d 1185, 1189-90 (5th Cir. 1986); *Fortna*, 769 F.2d at 250. Although Bruteyn argues that the ruling that the rebuttable presumption was applicable is erroneous and that the determination that he is a danger to the community is not supported by written factual findings or legal analysis, we do not reach those issues.[1] Instead, we affirm the detention order on the district court's alternative finding that no condition or combination of conditions can reasonably assure Bruteyn's presence at future judicial proceedings. *See United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

AFFIRMED.

---

[1] The government concedes that the rebuttable presumption is not applicable.