# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2011

No. 11-10558
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT WILLIAM MOORE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-141-3

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert William Moore is charged with one count of conspiracy to commit wire fraud, eight counts of wire fraud, one count of conspiracy to commit money laundering, and one count of conspiracy to obstruct official proceedings. Moore appeals from an order of the district court revoking the magistrate judge's pretrial order granting release on bond.

The district court revoked the magistrate judge's order, determining that there were no conditions or combination of conditions that would reasonably

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10558

assure Moore's presence at trial if Moore were released.  18 U.S.C. § 3142(e) & (f).  We review the order issued by the district court, not that of the magistrate judge.  *United States v. Westbrook*, 780 F.2d 1185, 1188 n.4 (5th Cir. 1986). Absent an error of law, we will uphold a district court's pretrial detention order if it is supported by the proceedings below.  *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992).[1]  Having reviewed the transcript of proceedings and other pertinent portions of the record in light of the factors set forth in § 3142(g), we conclude that the district court's conclusions are supported by the record.  *See id.* at 586; *see also United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). Furthermore, Moore is not entitled to release for any delay on the part of the district court in ruling on the Government's motion to revoke.  *See United States v. Montalvo-Murillo*, 495 U.S. 711, 717-722 (1990); 18 U.S.C. § 3145(a). Accordingly, we conclude that it is unnecessary to reach the question of whether there was a delay; similarly, we do not reach the question of what other "remedy" would be appropriate for such a delay.

The pretrial order of detention is AFFIRMED.

---

[1]  Moore challenges this standard of review employed by our court.  Under the rule of orderliness, we are bound by our prior precedent except in certain situations not applicable here.  *French v. Allstate Indem.Co.*637 F.3d 571, 589 (5th Cir. 2011)  In any event, we conclude that, so long as we give some deference to the district court's factual findings, the outcome would be the same.